JOSEPH P. DAY et al., respondents,

*v.*

HARRY G. HENDRICKS, receiver, &c., appellant.

[Decided February 3d, 1930.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"This suit arises out of a building contract between the complainants and George E. Thomas, contractor, who was adjudicated a bankrupt on April 18th, 1927. Under the terms of this contract there became due to the bankrupt the sum of $8,896.20 and prior to the bankruptcy adjudication the Union County Coal and Lumber Company filed a mechanics' lien claim against the premises in the sum of $5,449.54. On the day of such adjudication two other mechanics' lien claims were filed and on April 28th another lien claim was filed, all of said claims aggregating more than the amount due from complainants to the contractor. The trustee in bankruptcy claimed the full amount of the balance due the bankrupt less certain credits, whereupon this bill was filed and the sum due paid into court. By order of the United States district court for the district of New Jersey the trustee in bankruptcy was directed to interplead in this suit. The appellant moved to strike out the bill of complaint, which motion was denied. The bankrupt's claim against the complainants was on book account and it subsequently appeared, and in fact was admitted by all parties, that the charges on the book account represented exactly the same items comprising the four lien claims filed, and no others. A stipulation respecting the distribution of the fund paid into court was entered into by the solicitors of all parties in interest including the solicitor of the trustee in bankruptcy. Following this, a final decree carrying out the terms of the stipulation was entered by consent of the solicitors of all the parties. Prior to the entry of this decree objection had been made on behalf of the appellant that this court had no jurisdiction over the trustee in bankruptcy and it was

claimed that all questions concerning this fund should be disposed of in the bankruptcy courts. As the principal lien claim was filed prior to the proceedings in bankruptcy, and two others on the date of the adjudication, and as the trustee in bankruptcy had been specifically directed by the bankruptcy court to interplead in this suit and abide by whatever decree this court might make, that objection was overruled. It was then suggested by counsel for the Union County Coal and Lumber Company that notwithstanding any decree made by this court, the trustee in bankruptcy would be obliged, upon demand by that company, as a general creditor of the bankrupt, to proceed at law against the complainants for the collection of the amount of the bankrupt's book account against complainants. It having already been admitted that the items of the book account were identical with those of the various lien claimants, and the correctness of the claims of said lien claimants being conceded, I stated that if the trustee in bankruptcy attempted to collect the book account by any proceedings against the complainants I would, by order of this court, restrain him from so doing. Such restraint was accordingly imposed upon the trustee and pursuant to a direction contained in the final decree the trustee in bankruptcy executed and filed in this court a release of all claims against the complainant for the items covered by the claims of the various mechanics' lien claimants, and up to the amount of the moneys deposited in this court in this suit. Subsequently the Union County Coal and Lumber Company moved to dissolve the restraint imposed upon the trustee in bankruptcy as above mentioned. It should be noted that this motion is not made on behalf of the trustee in bankruptcy, but is made by a creditor who has already received out of the fund deposited in this cause the full amount of its claim. It having conclusively appeared that the claim of the trustee in bankrutpcy, if any, is for exactly the same items covered by the various mechanics' lien claims which have been paid in full in this suit, as hereinbefore stated, I conceive there is no equity in this application. It is plainly an attempt to compel the complainants to pay the

same debt twice. Aside from that fact this motion is made on behalf of a party which has already consented to the entry of a final decree herein and has participated in the distribution of the fund in hand, and therefore has no standing to press this motion. The motion is, therefore, denied."

*Mr. Samuel J. Kaufman,* for the respondents.

*Messrs. Smith & Slingerland,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Berry.

..*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.