## GINSBERG et al. v. DELAWARE L. & W. R. CO.

(Circuit Court of Appeals, Third Circuit. February 16, 1924.)

### No. 3068.

1. **Railroads** ⊚⟹350(7)—**Whether crossing signals were given held for jury.**

   In an action for injuries in a collision between a train and an automobile truck at a crossing, the question whether the engine bell was rung and the whistle sounded as required by statute on train's approach to crossing was one of fact for the jury.

2. **Appeal and error** ⊚⟹999(1)—**Jury's finding on properly submitted question of fact conclusive on appeal.**

   The jury's finding on a question of fact submitted to it under proper instructions is conclusive on appeal.

3. **Railroads** ⊚⟹345(1)—**Negligence of engineer in failing to avoid collision must be pleaded.**

   In an action for injuries in collision between train and automobile truck at crossing, engineer's negligence in failing to do what ordinary prudence demanded on discovery that truck driver was about to cross the track should be pleaded, to make such negligence available.

4. **Railroads** ⊚⟹350(33)—**Negligence after discovery of truck driver at crossing held for jury.**

   In an action for injuries to occupants of truck, struck by defendant's train at crossing, evidence *held* insufficient to raise issue for jury as to whether the trainmen negligently failed to do that which ordinary prudence demanded on discovery that truck driver was about to cross track.

5. **Trial** ⊚⟹312(2)—**Instructions in answer to jury's questions not erroneous.**

   Where there was no evidence of negligence in the operation of a train at a crossing, other than the failure to give statutory signals, and the court so charged, it was not error for the court, when asked by the jury whether they could find for plaintiff if they found the company was not negligent in sounding the signals, to answer in the negative, and in response to a further remark to say that there could be no verdict against the company without finding that it was negligent.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by David Ginsberg and others against the Delaware, Lackawanna & Western Railroad Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Harry Kalisch and Kalisch & Kalisch, all of Newark, N. J., for plaintiffs in error.

Frederic B. Scott, of New York City, for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. This was an action to recover damages for personal injuries arising from the collision of a train with an automobile truck. David Ginsberg, the father of the other two plaintiffs, was driving the truck on a road running from Wharton to Kenvil, the accident occurring at the point where that road crosses the Delaware, Lackawanna & Western Railroad Company's tracks. One of the boys sat with his father on the driver's seat. The other was in the rear of the truck. When the truck was partly across the tracks, it was struck by the train; the father and one son being seriously, and the other son fatally, injured. The suit is by the father, in his own behalf, as next friend of Harry Ginsberg, and as administrator of the estate of his deceased son, George. The court submitted the case to the jury, which rendered a verdict in favor of the defendant. From the judgment entered thereon, the plaintiffs bring error.

Two errors are assigned:

First, that the court erred when it said to the jury:

"These are observations I am making for the purpose of fastening your attention upon what is the important feature in the case, as to whether the company itself is negligent. If it sounded the whistle, according to the statutory requirement, or if it rang the bell, according to the statutory requirement, there is no negligence, because there is nothing in the case which suggests there was negligence in any other aspect in the operating of that train."

The second assignment complains of the following instruction:

"The foreman said: 'If we find absolutely that the company was not negligent in sounding the legal signals, could we then possibly find for the boys?' The court said: 'No.' Foreman: 'We were practically agreed that the company was not negligent.' The Court: 'No; you cannot find a verdict against the company, without finding that the company was negligent; but you could find that Ginsberg could not recover because he was contributorily negligent, but nevertheless the company cannot be found guilty unless it was negligent. I am not appealing for a compromise. I want to see if there is a possibility of reconciling your differences without an individual surrendering his God-given right.'"

To ascertain whether there was any error in these instructions, we must know exactly what the issue was between the parties. The negligence charged against the defendant is its failure to give any statutory signal of the approach of the train and to properly guard its crossing, and, under the circumstances, in operating its train at an excessive rate of speed.

[1, 2] While the plaintiff's declaration charges that under the circumstances the train was being operated at an excessive rate of speed,

we find no evidence to support this averment. Whether the statutory signals were, or were not, given, was a question of fact for the jury. This question was submitted to them under proper instructions, and the finding of the jury is conclusive as to the fact as found. The court, on the matter of the statutory signals, referred to the statute which had been read in the jurors' hearing, and gave to the jury the requirements which the statute contains; that is, that the engine bell be rung continuously when approaching a grade crossing of a highway, beginning at a distance of at least 300 yards from the crossing and continuing until the engine shall have crossed the highway, and that the steam whistle shall be sounded at least 300 yards from the crossing, at intervals, until the engine shall have crossed the highway. The court instructed the jury that the failure to do one or the other of these constituted negligence. The jury must have found, therefore, that the defendant complied with these statutory requirements, as otherwise, under the court's instruction, the defendant would have been guilty of negligence.

[3, 4] If the plaintiff, in addition to his claim that the proper signals were not given, intended to rely upon the further fact that the engineer of the train discovered that the plaintiff was about to drive upon the track, and neglected to do that which ordinary prudence demanded on account of this situation, such facts should have been clearly set forth in the declaration, so as to give the defendant specific notice of such charge of negligence; but, even if properly pleaded, we think the evidence wholly fails to disclose any such negligence on the part of the engineer. It is true that Wilson, the fireman, testifies in substance that he was looking out on the left side of the engine as they approached the crossing, and saw an automobile coming; that he watched him, and as he came within the fence, approaching the crossing, and did not stop, he pulled the emergency bell; that he thought he was going to stop; that as he came in between the two fences towards the track he did not stop; and that he knew, if he kept coming and the train kept going, there would be a collision, so he went over and pulled the emergency valve. There is nothing in this evidence to support a charge of negligence against the operators of the train.

There does not appear in the evidence anything that would fairly have led the operators of the engine to believe that the plaintiff was not in the full possession of his faculties and fully able to care for himself. The plaintiff having stopped, and perhaps stopped again, those who were running the train were not bound to stop to see what the plaintiff would do next. They would naturally conclude that the driver of the truck would stay in a place of safety until the train had passed. If it be said that as the plaintiff was still moving towards the crossing when only some 30 feet away, and that therefore the engineer should have concluded that a collision was likely to occur, it does not appear that the enginemen neglected to do, under those circumstances, what ordinary prudence required. On the contrary, it appears that, when this situation arose, the safety valve was pulled, and when the collision occurred the speed of the train was being reduced for the purpose of stopping.

[5] As is said before, even if the fact were properly pleaded, which does not appear to be the case, we fail to find anything which would justify the conclusion that the engineer failed to do what ordinary prudence would have suggested, when it became reasonably apparent that plaintiff was likely to drive upon the track ahead of the train. If this be true, then the court did not commit error in saying, in substance, if the defendant sounded the whistle and rang the bell, according to the statutory requirements, defendant was not guilty of negligence in any other respect in the operation of the train. Neither can it be held that the court committed error in the instructions which it gave in answer to questions asked by the foreman. The substance of that inquiry was whether there could be a verdict for the plaintiff if the jury found that the company was not negligent in giving the statutory signals, to which the court answered, "No," and the foreman then replied that they were practically agreed that the company was not negligent. This answer of the court was in harmony with its charge, of which the plaintiff complains in his first assignment, and it goes for the saying that, if the company was not negligent, there could be no recovery.

The judgment is therefore affirmed.