# CASES ADJUDGED

## IN THE

# SUPREME COURT OF THE UNITED STATES

### AT

## OCTOBER TERM, 1927.

---

## DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY *v.* RELLSTAB.

### CERTIORARI TO THE CIRCUIT COURT OF-APPEALS FOR THE THIRD CIRCUIT.

No. 141. Argued January 5, 1928.—Decided January 16, 1928.

1. The power of the District Court to set aside its judgment because of perjured testimony ends with the term in which the judgment was entered. P. 4.
2. The Circuit Court of Appeals has jurisdiction, by mandamus, to require the reinstatement of a judgment of the District Court which it has affirmed and which the District Court, without jurisdiction, has afterwards assumed to set aside for perjury. P. 5.
3. Mandamus to enforce a judgment should not be refused on the ground of injustice, where the judgment has become unassailable and the injustice depends on a speculation as to which of three conflicting statements of a witness—a confessed perjurer—was true. P. 5.

15 F. (2d) 137, reversed.

CERTIORARI, 273 U. S. 685, to a judgment of the Circuit Court of Appeals which refused to grant a writ of mandamus requiring the District Court to reinstate a judgment which it had assumed to set aside. The judgment was one recovered by the above named petitioner as defendant in an action for personal injuries, etc. See also 296 Fed. 439.

318°—28——1

1

*Mr. M. M. Stallman,* with whom *Mr. Frederic B. Scott* was on the brief, for petitioner.

The District Court had no power to set aside the judgment more than four terms after it was entered. *Cameron* v. *McRoberts,* 3 Wheat. 591; *Bronson* v. *Schulten,* 104 U. S. 410; *Phillips* v. *Negley,* 117 U. S. 665; *In re Metropolitan Trust Co.,* 218 U. S. 312. See also 11 Rose's Notes, U. S. Reports, 551, *et seq.; Wetmore* v. *Karrick,* 205 U. S. 141.

The acts for which a court will, on account of fraud, annul a judgment between the same parties after the term is ended, have relation to frauds extrinsic or collateral to the matter tried, and not to a fraud in the matter upon which the judgment was rendered. *United States* v. *Throckmorton,* 98 U. S. 61; *Vance* v. *Burbank,* 101 U. S. 514; *Nelson* v. *Meehan,* 155 Fed. 1.

Mandamus was the appropriate remedy. *Ex Parte Crane,* 5 Pet. 190; *McClelland* v. *Carland,* 217 U. S. 268; *United States* v. *Mayer,* 235 U. S. 55; *Life Ins. Co.* v. *Wilson,* 8 Pet. 291; *Ex Parte Bradley,* 7 Wall. 364; *In re Pollitz,* 206 U. S. 323; *Ex Parte Nebraska,* 209 U. S. 436; *In re Winn,* 213 U. S. 458; *In re Metropolitan Trust Co.,* 218 U. S. 312.

The Circuit Court of Appeals had appellate jurisdiction to issue a mandamus because the lower court's action was an interference with its mandate. *Southard et al.* v. *Russell,* 16 How. 547; *In re Potts,* 166 U. S. 263; *McClelland* v. *Carland,* 217 U. S. 268; *Spiller* v. *Atchison, T. & S. F. Ry. Co.,* 253 U. S. 117. See also *Simmons Co.* v. *Grier Bros. Co.,* 258 U. S. 82.

*Mr. Harry Kalisch* for respondent.

The writ of mandamus cannot be used as a writ of error. *Ex Parte Loring,* 94 U. S. 165; *Ex Parte Railway Co.,* 103 U. S. 794; *Ex Parte Hoard,* 105 U. S. 578; *Ameri-*

*can Con. Co.* v. *Jacksonville Co.*, 148 U. S. 379; 25 C. J. 860.

The Circuit Court of Appeals is a statutory court and its authority to grant writs must be found in the statute, if it exists. Mandamus in this case was not necessary for the exercise of that court's jurisdiction, which is only appellate.

The Circuit Court of Appeals can only review final decisions. *Ft. Dodge Cement Corp'n* v. *Monk*, 276 Fed. 113. See also 11 Cyc. p. 941; *Kingman & Co.* v. *Western Mfg. Co.*, 170 U. S. 675; *Bostwich* v. *Brinkerhoff*, 106 U. S. 73; *Gibbons* v. *Ogden*, 6 Wheat. 448; *Mayberry* v. *Thompson*, 5 How. 121.

Mandamus should not issue unless there has been a definite, unqualified refusal to act by the inferior court, after request. *Mesler* v. *Jackson*, 188 Mich. 195; *Hitchcock* v. *Wayne*, 97 Mich. 614; *Freud* v. *Wayne*, 131 Mich. 109; *Bennett* v. *Kalamazoo*, 181 Mich. 700; Short on Mandamus, p. 247, 267; 38 C. J., p. 592.

The granting or refusing of the writ is discretionary. *Duncan Townsite Co.* v. *Lane*, 245 U. S. 308; *U. S.* v. *Cargill*, 258 Fed. 467; *U. S.* v. *Burleson*, 258 Fed. 282; *Arant* v. *Lane*, 249 U. S. 367; *Wood* v. *Assessors*, 137 N. Y. 203.

The fraud or perjury is a conceded fact in the case. Mandamus should not be allowed to promote a manifest injustice.

It was discretionary with the Circuit Court of Appeals to require the petitioner to have the order of the District Court reviewed by a writ of error or an appeal, rather than by writ of mandamus. *Brictson Mfg. Co.* v. *Munger*, 20 F. (2d) 793.

The basis of petitioner's application in the Circuit Court of Appeals was not the protection of the mandate of that court, but the granting of a new trial after the term at which it was rendered had expired.

Mr. Justice Holmes delivered the opinion of the Court.

In this case one Ginsberg, in December, 1921, recovered judgment in the District Court against the petitioner for injuries to himself and a minor son and for the death of another son, caused by a collision, at a crossing, between the plaintiff's truck and one of the petitioner's trains. The judgment afterwards was set aside on the evidence of two important witnesses, husband and wife, that they had committed perjury at the trial. A new trial was had which resulted in a judgment for the defendant, the present petitioner. The judgment was entered on June 21, 1923. It was taken to the Circuit Court of Appeals on writ of error and on March 21, 1924, a mandate from that court affirmed the judgment with costs. See 296 Fed. 439. The witnesses who had testified for the plaintiff at the first trial testified for the defendant at the second, and after the term of the District Court in which the foregoing steps had been taken had expired without being extended in any form, the husband made an affidavit showing that his testimony at both trials was false and that in fact he knew nothing about the matter. The trial Judge was applied to, and after hearing testimony in open court he made an order on May 9, 1925, purporting to set aside the judgment that had been affirmed by the Circuit Court of Appeals during a previous unextended term. The petitioner thereupon applied to the Circuit Court of Appeals for a writ of mandamus to reinstate the judgment, but the Circuit Court of Appeals held that it had no jurisdiction to grant the writ, 15 F. (2d) 137. A writ of certiorari was granted by this Court. 273 U. S. 685.

However strong may have been the convictions of the District Judge that injustice would be done by enforcing the judgment, he could not set it aside on the ground that the testimony of admitted perjurers was perjured also at

the second trial. The power of the Court to set aside its judgment on this ground ended with the term. *In re Metropolitan Trust Co.,* 218 U. S. 312, 320. As the Court was without jurisdiction to vacate the judgment, mandamus is the appropriate remedy unless to grant that writ is beyond the power of the Circuit Court of Appeals. *In re Metropolitan Trust Co.,* 218 U. S. 312, 321. We perceive no reason to doubt the power of that Court. It had affirmed the judgment of the Court below. *Brown* v. *Alton Water Co.,* 222 U. S. 325, 332. Like other appellate courts (*In re Potts,* 166 U. S. 263,) the Circuit Court of Appeals has power to require its judgment to be enforced as against any obstruction that the lower Court, exceeding its jurisdiction, may interpose. *McClellan* v. *Carland,* 217 U. S. 268. The issue of a mandamus is closely enough connected with the appellate power.

But it is said that the granting of the writ of mandamus is discretionary and it is implied that if we are of opinion that the Circuit Court of Appeals was mistaken in denying its power to grant the writ, that court still might deny it on the ground that injustice would be done if the judgment were allowed to stand. But neither Court would be warranted in declaring the judgment unjust after it had become unassailable—certainly not on a speculation as to which of three statements is true, when it was known at the trial that the witness was perjured, either at the first trial, as he said, or then—not to speak of the further difficulties that the plaintiff might encounter in the recent decision of *Baltimore & Ohio R. R. Co.* v. *Goodman,* 275 U. S. 66. It certainly would be unjust to leave the case in the air, because the District Court had made an unwarranted attempt to set aside a judgment that it had no jurisdiction to touch.

It follows that the writ should issue.

*Judgment reversed.*