### STRANG v. UNITED STATES. *

### No. 5950.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1930.

*Rehearing denied February 21, 1931.

Mack Taylor, Chas. T. Rowland, and J. R. Maceo, all of Fort Worth, Tex. (J. P. Miller, of Dallas, Tex., on the brief), for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., Fred Horowitz, Sp. Asst. to Atty. Gen., and Morrow H. Boynton, Asst. U. S. Atty., of Fort Worth, Tex.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

Appellant was convicted of a felony as charged in an indictment under section 215 of the Criminal Code, 18 USCA § 338. He assigns as error the refusal of the court to set the verdict aside and grant him a new trial; the ground urged and proved being that prior to the trial one of the jurors had been convicted of manslaughter.

The juror named had been sentenced in 1920 to imprisonment in the state penitentiary for a period of five years, but the sentence was suspended. It does not appear whether he had been pardoned or his civil rights had been restored, nor whether he was asked on his voir dire if he had previously been convicted of a felony; but it does appear, however, that during the trial of this case, which occurred in 1929, appellant heard and discussed with his counsel a rumor to the effect that the juror, about whose service on the jury complaint is now made, had been convicted of a felony, and sent a detective to the state criminal court building in the same city where the case was being tried, to get and bring to him a certified copy of the judgment of conviction. The detective secured such certified copy, returned with it, and could have delivered it to appellant while the court was charging the jury; but he kept the certified copy in his possession and delivered it to appellant after the jury retired, but before they returned with their verdict.

The qualifications required of jurors by the law of any state have been adopted for federal court trials in such state. 28 USCA § 411. Conviction of a felony, such as manslaughter, is a ground of challenge of a juror for cause. Article 616, Texas Code of Criminal Procedure. A challenge for cause in Texas is therefore not an absolute disqualification, but confers upon a defendant a privilege which he may waive. In this case

appellant, if he had been at all diligent, could have ascertained that the report of the juror's previous conviction was true, could have obtained the certified copy of the judgment and submitted conclusive evidence of such conviction to the court during the progress of the trial. Of course he could not intentionally neglect to examine or to have his counsel examine such evidence, and then, on the ground of a lack of actual knowledge, claim that he had not discovered it until too late. But it was not too late to present to the court evidence which came into his physical possession and of which admittedly he had actual knowledge after the jury had retired but before they had returned into court with a verdict. Upon the showing made after verdict, the conclusion is inescapable that appellant was speculating on his chances of being acquitted, intending to rely on the disqualification of the juror only in the event he was convicted. He could not do this, but must be held to have waived the ground of challenge for cause based on the disqualification of the juror. Queenan v. Oklahoma, 190 U. S. 548, 23 S. Ct. 762, 47 L. Ed. 1175. See, also, Bush v. United States (C. C. A.) 16 F. (2d) 709.

The judgment is affirmed.