## SWARTZ v. KAPLAN et al.

No. 2478.

District Court, D. Massachusetts.

June 23, 1931.

Mondlick & Weiner, Solomon Mondlick, James M. Morrison, and Elisha Greenhood, all of Boston, Mass., for plaintiff.

Henry V. Cunningham, Francis M. Carroll, E. Mark Sullivan, and Romney Spring, all of Boston, Mass., for defendant.

MORTON, District Judge.

In deciding the motion to set aside the verdict I said: "That the case reeks with perjury I do not doubt; and I shall call it to the attention of the United States Attorney. The motion is overruled; but without prejudice to the defendants' right to renew it at a later date if investigation shall establish that the verdict was clearly wrong."

It was plainly doubtful whether the trial court had power to reserve any control over its judgment if and after that judgment should be affirmed by the Court of Appeals. To meet this objection the plaintiffs stipulated that the court might entertain a renewal of the motion to set aside the verdict (and judgment) at any time up to one month after the termination of the case in the Court of Appeals and after the mandate of that court.

The reservation and the stipulation were called to the attention of the Court of Appeals and are referred to in its opinion [41 F.(2d) 177, 178]. That court affirmed the judgment, and has sent down a mandate in the usual form, not reserving leave to the defendant to renew the motion to set aside the verdict. An application to the Court of Appeals to recall the mandate and amend it, granting such leave, was refused.

Aside from the plaintiff's stipulation, the only present function of the District Court in this case is to carry out the mandate of the Court of Appeals. It has no other power or duty in the premises. This is settled law.

"When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." Gray, J., in Re Sanford Fork & Tool Co., 160 U. S. 247 at page 255, 16 S. Ct. 291, 293, 40 L. Ed. 414.

948

"When the merits of a case have been once decided by this court on appeal, the circuit court has no authority, without express leave of this court, to grant a new trial, a rehearing, or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. [Citing cases.] In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in Southard v. Russell [16 How. 547, 14 L. Ed. 1052], above cited, said: 'Nor will a bill of review lie in the case of newly-discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose.'" Gray, J., in Re Potts, Petitioner, 166 U. S. 265 at page 267, 17 S. Ct. 520, 521, 41 L. Ed. 994.

The foregoing cases arose in equity, and the Supreme Court had the duty of deciding the facts as well as the law; but I do not see that this difference is significant on the present question which is as to the effect of a mandate from an appellate court.

In Delaware, Lackawanna & Western Railroad Company v. Rellstab, 276 U. S. 1, 48 S. Ct. 203, 72 L. Ed. 439, a verdict in favor of the plaintiff was set aside for newly discovered evidence; the case was tried again and resulted in a verdict for the defendant; it was then taken to the Court of Appeals which affirmed the judgment; it then went back to the District Court, and the District Judge undertook to set aside the verdict because convinced that it had been obtained by perjured testimony. It was held that he had no power to do so.

The only doubtful question is whether the plaintiff's stipulation filed in this court before judgment was entered saves to the District Court a power and jurisdiction which otherwise it clearly would not have. In my opinion it does not. It is well settled that no agreement of parties can confer jurisdiction. In Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663, it was held that the agreement of counsel to the allowance by the trial judge of a bill of exceptions after the prescribed time had expired gave no validity to the bill. Still less can it give validity to an attempted reservation of power under which the District Court could set aside the judgment which by the mandate it is ordered to carry out. See, too, Fairmont

Creamery Co. v. Minnesota, 275 U. S. 70, 48 S. Ct. 97, 72 L. Ed. 168.

I rule as a matter of law that I have no power to allow this motion.

Motion denied.