## STRANG v. UNITED STATES.

### No. 6348.

Circuit Court of Appeals, Fifth Circuit.

Nov. 20, 1931.

J. P. Miller, of Dallas, Tex., and J. R. Maceo, of Fort Worth, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

On October 10, 1929, Fred Strang was convicted in a District Court for using the mails to defraud, and brought his case by appeal to this court, where it was affirmed on December 15, 1930. 45 F.(2d) 1006. On October 24, 1931, while in execution of his sentence, he, through his counsel, made in this court a motion for leave to file in the District Court a petition for a writ of error coram nobis, there to obtain a new trial because of the absolute disqualification of a juror who was an unpardoned convict, and because he had discovered certain documents fully exhibited which had been lost during the trial and consequently were not used in evidence, and which it is claimed would pro-

duce a different result. The common-law remedy of writ of error coram nobis in law cases civil and criminal, and the particular errors in fact which it might be used to correct, are examined at length in United States v. Plumer, 27 Fed. Cas. p. 561, No. 16056; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; and Lamb v. State, 90 Fla. 844, 107 So. 530, 535; 16 C. J. p. 1326, § 3118. The writ is substituted in modern federal practice by a motion in the case. United States v. Plumer, 27 Fed. Cas. page 551, No. 16055; United States v. Mayer, supra, 235 U. S. at page 67, 35 S. Ct. 16, 59 L. Ed. 129. The writ, or equivalent motion, lies only in the trial court, but this court having affirmed the judgment complained of, and the trial court being under duty to execute the mandate, it is necessary that leave be here sought before attacking it, and leave will be granted only when it appears that the proposed attack is meritorious. Lamb v. State, supra; Washington v. State, 92 Fla. 740, 110 So. 259. We incline to think that the grounds of the present application are not such as would authorize a writ of error coram nobis at common law after expiration of the term, but are such as can be urged only by motion for a new trial during the term. United States v. Mayer, supra; Delaware, etc., R. Co. v. Rellstab, 276 U. S. 1, 48 S. Ct. 203, 72 L. Ed. 439; Harley v. United States (C. C. A.) 269 F. 384; or at the latest by authority of the appellate court pending an appeal. Martin v. United States (C. C. A.) 17 F.(2d) 973; Lancaster v. United States (C. C. A.) 39 F.(2d) 30; Perry v. United States (C. C. A.) 39 F.(2d) 52. But no decision of that question is necessary because the grounds are insufficient to require a new trial if timely urged. The juror's disqualification we have already held was waived by proceeding with the trial after learning of it. Straing v. United States (C. C. A.) 45 F.(2d) 1006. The point now pressed that the juror's disqualification is not waivable under the Texas law is without weight in the federal courts. While the qualifications of jurors are by federal statute (28 U. S. C. § 411 [28 USCA § 411]) the same as in the state court, the time and mode of objecting to a disqualification and the effect upon the verdict of participation by a disqualified juror are not governed by state law but by the common law. Roush v. United States (C. C. A.) 47 F.(2d) 444. At common law an objection to a juror propter defectum, his impartiality not being questioned, must be made before verdict, and is not cause for a new trial though previously unknown. Roush v. United States, supra, and cases cited therein.

The evidence which was out of hand at the trial was known so to be on the first of the three days of the trial. Some of the misplaced documents were printed publications which could have been replaced. Secondary evidence might have been offered of the contents of the private papers. Most of the latter were useful only for impeachment and would not require a new trial if newly discovered. No motion was made to suspend or delay the trial, and no effort to supply the loss. No relief was sought by a motion for new trial or on the appeal. There was apparently an election by applicant to proceed with the evidence which he had, and certainly an absence of proper diligence in making his defense. "Where the petitioner had opportunity to bring to the attention of the court the matter complained of and failed to do so, the writ of error coram nobis will not avail him." State v. Stanley, 225 Mo. 526, 125 S. W. 475. See, also, Lamb v. State, supra; Wheeler v. State, 158 Ind. 687, 63 N. E. 975, and Asbell v. State, 62 Kan. 209, 61 P. 690.

Application denied.