## HIAWASSEE LUMBER CO. et al. v. UNITED STATES.
### No. 3428.

Circuit Court of Appeals, Fourth Circuit.
April 4, 1933.

R. L. Phillips, of Robbinsville, N. C., and Moody & Moody, of Murphy, N. C., for appellants.

Thomas J. Harkins, Sp. Asst. to Atty. Gen., for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying a motion to modify or correct a judgment. The action in which the motion was made was instituted by the United States against the Hiawassee Lumber Company in the year 1910 and came to trial in 1919. It was a civil action under the North Carolina Code in the nature of an action of ejectment, in which the United States claimed title to a tract of land covered by grant 3110 and asked that the lumber company be ejected therefrom. The lumber company denied the title of the United States and claimed ownership in it-

self, but the record proper does not show that it made any claim under what are referred to by the parties as the Herbert grants, to which the motion for correction relates. Issue as to the location of grant 3110 was submitted to the jury and answered in favor of the United States; and judgment was thereupon entered that the United States was the owner of the land covered by the grant with the exception of that embraced in six prior grants which were specifically described in the judgment.

In 1926, more than seven years after the entry of the judgment, the defendant Hiawassee Lumber Company, joining with it the Savage Bros. Land Company to whom its lands had been conveyed, filed motion that the judgment be corrected so as to exclude from its terms the lands embraced in five additional grants, known as the Herbert grants. It was averred as a basis of the motion that these Herbert grants, as well as the grants mentioned in the judgment, were senior to grant 3110; that a list of the senior grants was furnished to the draftsman of the judgment, including the prior Herbert grants as well as the other six; that, "by error, oversight and mistake," the draftsman in preparing the judgment set forth only the six grants and omitted to mention the Herbert grants as covering land excluded from the terms of the judgment; and that the motion for correction was made immediately upon discovering the mistake. There is nothing in the pleadings in the original cause showing that the Herbert grants were senior to grant 3110; and it does not appear that any entries of record were made to that effect or that the judgment signed by the court was other than what the judge intended to sign at the time. The official map has been certified to this court; and an examination of it shows no reference to the Herbert grants, although the grants excepted by the judgment are plotted on it. It is not claimed that the judgment as entered is not in conformity with the pleadings, verdict, and other portions of the record proper; but correction is asked because of alleged mistake of the draftsman in omitting an exception which it is said the parties intended the judgment to include when presented for the signature of the judge.

■■ We think it clear that the court was without power to entertain the motion. The court has complete control over its judgments during the term and may set them aside or modify them as justice may require. But with the expiration of the term, this control ceases, except in cases where proceedings for setting aside or modifying the judgment have been commenced during the term. Realty Acceptance Corporation v. Montgomery, 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476; D. L. & W. R. Co. v. Rellstab, 276 U. S. 1, 48 S. Ct. 203, 72 L. Ed. 439; U. S. v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 19, 59 L. Ed. 129; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Marion County Court, W. Va., v. Ridge (C. C. A. 4th) 13 F.(2d) 969, 970. The only exception to this rule is that the court at a subsequent term has power to correct inaccuracies in form or clerical errors and to rectify such mistakes of fact as were reviewable at common law by writs of error coram nobis, or coram vobis. As pointed out by Mr. Justice Hughes in the Mayer Case, supra: "These writs were available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon and were material to the validity and regularity of the legal proceeding itself; as where the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict or interlocutory judgment,—for, it was said, 'error in fact is not the error of the judges, and reversing it is not reversing their own judgment.' So, if there were error in the process, or through the default of the clerks, the same proceeding might be had to procure a reversal. But if the error were 'in the judgment itself, and not in the process,' a writ of error did not lie in the same court upon the judgment, but only in another and superior court."

■ It is clear that the correction which is asked in this case is not of a clerical error or an inaccuracy of form, or such matter as could have been corrected by writs of error coram nobis or vobis at common law, but goes to the very matter put in issue and determined in the action. Nor does it relate to a matter which could be corrected by a nunc pro tunc order, which is entered to make a record of what was in fact done in a cause but inadvertently omitted from the record by the court or clerk. In re Wight, 134 U. S. 136, 144, 10 S. Ct. 487, 33 L. Ed. 865, Gagnon v. U. S., 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745. If granted, its effect will be to change the provisions of the judgment as to the ownership of 1,300 acres of land, title to which was put in issue in the suit, and to do this upon averments as to the intention of the parties and without anything in the record proper to show that the judgment signed

was not the judgment intended. Indeed, an analysis of the averments upon which the motion is based shows that the correction is asked, not because the judgment does not embody what the judge intended and the record justified, but because it does not embody what the parties intended in making the record. In other words, it is sought to reopen a judgment, seven years after its entry, and have it corrected on the basis of parol proof of what the parties intended it to contain. There can be no question but that such a motion falls under the condemnation of the rule which denies to a court power to modify its judgments after the expiration of the term. Hickman v. Fort Scott, 141 U. S. 415, 12 S. Ct. 9, 35 L. Ed. 775; Sibbald v. United States, 12 Pet. 488, 492, 9 L. Ed. 1167; City of Manning v. German Ins. Co. (C. C. A. 8th) 107 F. 52; Doe v. Waterloo Mining Co. (C. C.) 60 F. 643; Robinson v. Rudkins (C. C.) 28 F. 8; Forquer v. Forquer, 19 Ill. 68; Van Ness v. Crow (Tex. Civ. App.) 215 S. W. 572; 15 R. C. L. 673. And see exhaustive note in 10 A. L. R. 526, 548, 611. As said by the Supreme Court in the Sibbald Case:

"No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes ([Cameron v. McRoberts], 3 Wheat. 591 [4 L. Ed. 467; Bank of Commonwealth v. Wistar], 3 Pet. 431 [7 L. Ed. 731]); or to reinstate a cause dismissed by mistake ([The Palmyra], 12 Wheat. 10 [6 L. Ed. 531]): from which it follows, that no change or modification can be made, which may substantially vary or affect it in any material thing. Bills of review, in cases in equity, and writs of error coram vobis, at law, are exceptions which cannot affect the present motion."

This does not mean that a party who suffers as a result of mistake affecting a judgment is without remedy. His remedy, however, is in equity, not to correct the judgment, but to secure relief against it on the ground that the rights acquired thereunder cannot be retained in good conscience. 15 R. C. L. 726, 753. In this particular case the right to resort to equity may not be available to appellants because the party claiming under the judgment is the United States and right to institute such suit against the United States has not been given; but this consideration cannot impart power to the court to modify a judgment after the expiration of the term at which it was rendered. If appellants have suffered an injustice as a result of the mistake averred, as to which we express no opinion, Congress will doubtless either itself afford them relief, or authorize some tribunal to investigate their cause and grant them such relief as may be proper.

There was no error in the order denying the motion of appellants and same is accordingly affirmed.

Affirmed.