## JACQUE v. LOCKE INSULATOR CORPORATION.
### No. 803A.

District Court, W. D. New York.
June 11, 1934.

William L. Clay, of Rochester, N. Y., for plaintiff.

John Thomas, of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

This action is brought to recover on account of alleged negligence. The trial was had, and a judgment in favor of the plaintiff and against the defendant in the sum of $15,289.56 was rendered on the 23d day of November, 1932. Such judgment was affirmed by the Circuit Court of Appeals for the Second Circuit on April 30, 1934. 70 F.(2d) 680. The defendant applied for a rehearing on the same grounds upon which this motion is made. A rehearing was denied.

The defendant now moves to set aside the judgment on the ground that one of the jurors upon examination voir dire falsely stated that he was not acquainted with the plaintiff in this action and in truth and in fact had been closely associated with the father of the plaintiff. The affidavits submitted by the defendant on the application for a rehearing are submitted upon this motion and in addition further affidavits in supplement thereof. The affidavits recite that the defendant first discovered the alleged acquaintance between the juror and the plaintiff and her family on or about May 8, 1934, which date was subsequent to the expiration of the term of court at which this action was tried. The moving affidavits are directed to show that on the last-mentioned date a juror, one Patrick Downs, stated, in substance, that he had long been acquainted with the plaintiff and her family and had long been on intimate terms with the father of the plaintiff, and that the plaintiff had stated that she had a friend on the jury and that by reason of that she knew she was going to get a verdict. Affidavits by the juror and the plaintiff denying these alleged statements have been submitted on behalf of the plaintiff. Even if this court had the right to set aside this verdict on the ground of these alleged false statements of the prospective juror, it would not be disposed to do so. Impeachment of the action of a juror must be approached with great caution. Otherwise the invitation to attempt this would be encouraged. Such encouragement ultimately would lead to a breakdown in the jury system itself. In this case it appears that there was sufficient ground for an ulterior motive on the part of Dunham in making his affidavit which initiated the inquiry by the defendant. The circumstances under which it is claimed Downs made the statements attributed to him were not such as to commend themselves to the court as the proper method of inquiry. Under such circumstances, the facts alleged on the application of this kind are sufficiently met by the answering affidavits.

However, the term at which the trial herein took place having expired, this court is without jurisdiction to entertain the motion.

While United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 20, 59 L. Ed. 129, was an action in which a motion had been made to set aside a verdict on the ground of newly discovered evidence, the language of the opinion is clearly applicable to an action in which the motion to set aside the verdict is made on the ground that there was some concealment by a juror upon his voir dire. It is there said:

"In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Judicial Code, § 269 [28 USCA § 391]),—an application which is addressed to the sound discretion of the trial court, and,

in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered."

The court points out certain exceptions to this rule. These clearly have no application to this case. See, also, Delaware, L. & W. R. Co. v. Rellstab, 276 U. S. 1, 48 S.. Ct. 203, 72 L. Ed. 439; In re Metropolitan Trust Company, 218 U. S. 312, 31 S. Ct. 18, 54 L. Ed. 1051, declare the rule as above stated.

The case of Clark v. United States, 289 U. S. 1, 53 S. Ct. 465, 77 L. Ed. 993, relied upon by the defendant, was a proceeding to review the affirmance of a conviction for criminal contempt. It did not involve any question regarding a new trial of the action wherein a juror upon a voir dire withheld and concealed certain matters or made certain false replies.

The motion to set aside the verdict must be denied.