BUIE v. UNITED STATES.
No. 8081.

Circuit Court of Appeals, Fifth Circuit.
June 24, 1936.

Rehearing Denied July 25, 1936.

Walter C. Linden, Jr., of Fort Worth, Tex., for appellant.

A. W. W. Woodcock, Sp. Asst. to Atty. Gen., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing for want of jurisdiction a proceeding to reopen a case in which appellant was convicted of violating the mail fraud statute (Cr.Code, § 215, 18 U.S.C.A. § 338).

The pleadings disclose that appellant was convicted on April 19, 1934, and was enlarged on bail. He took an appeal to this court and the conviction was affirmed on April 10, 1935. 76 F.(2d) 848. He then filed a petition for writ of certiorari in the Supreme Court, which was denied on October 14, 1935. The present proceeding was filed on October 16, 1935, long after the expiration of the term at which the judgment was rendered.

It is alleged that appellant was not permitted by his counsel to take the stand in his own behalf and that subsequent to the trial of the cause he has discovered new, independent and additional evidence showing or tending to show that he was not guilty of the charge or charges contained in the indictment; that he could not have discovered this evidence by due diligence; and that some of the new evidence would tend to discredit a named witness who testified against him and would show the witness had testified untruthfully. This is supported by lengthy affidavits, purporting to set out the newly discovered evidence.

Appellant calls his proceeding "Motion and petition to set aside judgment in the nature of a Writ of Error Coram Nobis." It is immaterial what appellant chooses to call his proceeding. It is apparent that it amounts to no more than a motion for a new trial on the ground of newly discovered evidence. It is settled that a District Court of the United States, whatever may be the rule in state courts, is without jurisdiction to entertain a motion for a new trial on that ground after the term at which the judgment was entered has expired, U. S. v. Mayer, Judge, etc., 235 U.

S. 55, 35 S.Ct. 16, 59 L.Ed. 129, or on the ground that the judgment was procured by perjured testimony, Delaware, L. & W. R. Co. v. Rellstab, 276 U.S. 1, 48 S.Ct. 203, 72 L.Ed. 439. Cf. Realty Acceptance Corp. v. Montgomery, 284 U.S. 547, 52 S. Ct. 215, 76 L.Ed. 476.

The judgment is affirmed.