## DEMBROFSKY v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
Nov. 20, 1936.

Saul Bergman, of New York City, for appellant.

Francis J. W. Ford, U. S. Atty., and Arthur J. B. Cartier, Asst. U. S. Atty., both of Boston, Mass.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an application for leave to prosecute an appeal in forma pauperis from an order of the federal District Court for Massachusetts of October 20, 1936, denying a motion of the applicant "to vacate and delete from a judgment of conviction and sentence"[1] that part of the sentence ordering him "to stand committed until sentence be performed," in so far as it required him to stand committed until the fine of $100 was paid.

We are of the opinion that the application should be denied. The judgment which the applicant sought to have modified by his motion of October 20, 1936, was entered October 8, 1935, at the September term, 1935, of the District Court for Massachusetts, which term had expired long before the motion of October 20, 1936, was presented. This being so, the District Court was without power at that time to modify its judgment. And the only way the judgment could be reviewed by appeal to this court was by one taken therefrom within five days from the date of its entry (October 8, 1935). See rule 3 in Criminal Cases (28 U.S.C.A. following section 723a). No such appeal was taken. Instead of so doing, the applicant waited until October 20, 1936, when he presented to the court below the motion to modify the judgment, from the denial of which he appealed, thereby seeking a review of the judgment entered more than a year before, and thus to circumvent the rule, requiring appeals in criminal cases to be taken within five days from entry of final judgment. He does not and could not question the authority of the District Court to enter the order of October 20, 1936, but, as above said seeks by his motion to circumvent the provisions of the above rule and obtain a review of the judgment of October 8, 1935, from which no appeal was taken. This he cannot do. See Cintron v. Barletta Trading Co. et al. (C.C.A.) 70 F.(2d) 1005.

The applicant's remedy, if any, is by bringing a writ of habeas corpus upon the termination of the sentence of imprisonment for eighteen months.

The application for leave to prosecute an appeal in this court in forma pauperis is denied.

---

[1] Sentencing applicant "to pay a fine of $100 and to be imprisoned in a penitentiary * * * for a term of eighteen months and stand committed until said sentence be performed."