## In re CRUM.

Circuit Court of Appeals, Ninth Circuit.
Jan. 27, 1938.

Chester Crum, pro per.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Chester Crum has presented a petition for mandamus in which he seeks the mandate of this court requiring the clerk of the United States District Court to furnish him, without the payment of fees, copies of the record in a criminal case wherein he is the defendant.

The application to this court for the mandate is accompanied by two affidavits in support of an application in forma pauperis herein. Attached to the petition is an affidavit filed by the petitioner in forma pauperis in the lower court, in support of his application there made for an order that he be furnished "a certified and authenticated copy of the indictment, record of proceedings and judgment in the criminal matter entitled: 'United States v. Chester Crum,' rendered * * * on or about July 19th to July 29th, A. D. 1937." Affiant states "that the affiant is contemplating reopening his cause and that he verily believes he has a meritorious cause

of action." This application was referred to the Department of Justice by Judge James Alger Fee, to whom application was made. A letter from the United States attorney to the warden of the penitentiary wherein the petitioner is confined, advised the petitioner of the insufficiency of the affidavits because of failure to set forth briefly the nature of his alleged cause of action. This was followed by a paper signed by petitioner in the form of an affidavit, but not sworn to, wherein petitioner states that he desires a copy of the record, etc., in the case of United States v. Crum, rendered about July 19th to 29th, 1937, because the affiant is contemplating reopening his cause and that he believes he has a meritorious cause of action. It states that the meritorious cause of action is an affidavit by one of his codefendants to the effect that the petitioner is innocent, that he did not participate in the robbery for which he was convicted, but was kidnapped by the robbers and forced to accompany them after they had committed the robbery; that the codefendants gave fraudulent and incriminating evidence against the petitioner "causing this Honorable and learned Court to err in passing a judgment and commitment on" the affiant. To this affidavit is attached the letter of the clerk of the United States District Court for Oregon, in which he points out that the affidavit is not sworn to and that the affiant is not entitled to copies without the prepayment of fees.

The basic difficulty with the situation arises from the fact that an appeal must be taken within five days after the entry of judgment of conviction, except that where there is a motion for new trial appeal may be taken five days after the entry of order denying the motion. A motion for new trial, solely on the ground of newly discovered evidence, may be made sixty days after final judgment. Assuming that the petitioner seeks to secure a new trial because of newly discovered evidence, the application is too late.

Assuming that we have jurisdiction to issue a writ of mandamus in aid of our appellate jurisdiction over the judgment of conviction in the criminal case, the application shows that an appeal would be too late. Dembrofsky v. United States, 1 Cir., 86 F.2d 677; see, also, Flowers v. United States, 8 Cir., 86 F.2d 79; Burr v. United States, 7 Cir., 86 F.2d 502;

O'Gwin v. United States, 9 Cir., 90 F.2d 494.

There is, therefore, no merit in the petition for mandamus, and, consequently, no basis for granting leave to proceed in forma pauperis. It may be added that if the applicant is innocent his remedy is by application to the pardoning power; in this case, the President of the United States.

Petition for leave to file petition for writ of mandamus and to proceed thereon in forma pauperis is denied.