## YOUNG v. UNITED STATES.
### No. 10648.

Circuit Court of Appeals, Fifth Circuit.
Nov. 16, 1943.

See, also, 26 F.Supp. 574.

Ike Young, pro se.

Ben F. Foster, U. S. Atty., of San Antonio, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

██ Ike Young was convicted of murder and sentenced to life imprisonment. He was granted a new trial, 5 Cir., 97 F.2d 200, 117 A.L.R. 316; but was again convicted and sentenced to life imprisonment, and this conviction was on November 17, 1939, affirmed by this court, the evidence being specially adjudged sufficient to sustain the conviction. 5 Cir., 107 F.2d 490. On February 2, 1943, Young filed in the District Court what he styled a bill of review, which asserted that the sentence was illegal and beyond the court's jurisdiction because there was no charge in the indictment that Young was accessory before the fact or a conspirator, but only a charge of murder, but the evidence showed he was under arrest at the time the fatal shooting was done by another, and it was inequitable to let the proceedings, which were fraudulent or mistaken, stand of record. The District Judge dismissed this pleading for want of jurisdiction on February 2, 1943. An appeal was prepared, but it appears not to have been filed until April 5. The record was filed in this court July 8. On September 13, Young filed in this court what he styles a "Motion to strike and expunge the Bill of Review", in which he asks leave to abandon the proceedings appealed from, and, as we construe it, to file in the District Court on ten grounds stated, a motion or writ of error coram nobis. As to the appealed proceedings, it is clear the District Court had no jurisdiction after its term, and after having had from this court a mandate of affirmance of the conviction, to set the verdict and sentence aside without the leave of this court. United States v. Mayer, 235 U. S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Delaware, Lackawanna & Western R. R. Co. v. Rellstab, 276 U.S. 1, 48 S.Ct. 203, 72 L.Ed. 439; Flowers v. United States, 8 Cir., 86 F.2d 79. But we have looked into the merits of the pleading enough to see that if there were jurisdiction, the relief ought not to be granted. The conviction rested on the theory, supported by evidence, that Young had armed the killer with his weapon and counselled and commanded the killing. Under the federal statute, 18 U.S.C.A. § 550, he was a principal in the shooting which followed, though under arrest at the moment thereof, and could be indicted and convicted on a simple charge of murder. Collins v. United States, 8 Cir., 20 F.2d 574; O'Brien v. United States, 7 Cir., 25 F.2d 90.

██ There is included in the record on appeal a motion for new trial for newly discovered evidence which was overruled on its merits Nov. 7, 1942. The appeal taken makes no mention of this judgment, and was taken too late anyhow. In re Crum, 9 Cir., 94 F.2d 746.

██ As to the motion made in this court, we find great difficulty in understanding it. Its final prayer is that an annexed brief be allowed filed in lieu of the previous papers, touching ten points. The brief contains no distinct allegations of fact, but rather a mixture of insinuation and argument, with copious citations of authorities. One of the points is as to the form of the indictment referred to above. Another is on the question of reasonable doubt; another claims that lies were fabricated and testimony suppressed. One refers to newly discovered evidence in that someone else had confessed to the crime; but there is no showing that this person would so testify, or that the testimony was unknown at the last trial, or as to diligence and credibility. We do not find anything on which a new trial can legally be granted at this time, or which we ought to refer to the District Court. The question about the indictment is without merit. The matter of newly discovered evidence has been already ruled on by the District Court. The matter of suppressing evidence is not sustained by the exhibits to the brief, and appears to have been presented already to a habeas corpus court. We think that a writ of error coram nobis, if it ever applied to a criminal case in the federal courts, has been excluded by the Rules of Procedure in Criminal Cases after Verdict, 18 U.S.C.A. following section 688. Miller v. United States, 5 Cir., 134 F.2d 485. But if such a remedy still exists, permission to file it will not be granted by an appellate court which has affirmed a conviction unless a meritorious showing is made. Strang v. United States, 5 Cir., 53 F.2d 820. We deny the motion therefor.

There being no formal dismissal of the appeal, the judgment appealed from is affirmed.