**STATE OF OHIO ex rel. PLUMMER v. COURT OF COMMON PLEAS, JACKSON COUNTY, OHIO, et al.**

No. 11956.

United States Court of Appeals
Sixth Circuit.

June 24, 1953.

No counsel appeared for any party.

Before SIMONS, Chief Judge, and ALLEN, Circuit Judge.

PER CURIAM.

Appellant has filed a petition for an alternative writ of mandamus entitling him to his " 'Indictment, Journal Entry, Certify Of Sentence, and Minute Book, testimony material,' of the Court proceedings, Case No. 6277, as recorded and filed on or about the 23rd. day of February A.D. 1935." Appellant says that in 1935 he was sentenced to the penitentiary for life by the Court of Common Pleas of Jackson County, Ohio, having been found guilty of murder in the first degree. We assume that the records sought herein are those of the murder case in question. He has also filed a motion to be permitted to proceed in forma pauperis in this mandamus action and to be assigned counsel.

 This court would be authorized to issue the writ of mandamus in aid of its appellate jurisdiction. McClellan v Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L. Ed. 762; Delaware, Lackawanna & Western Railroad Co. v. Rellstab, 276 U.S. 1, 5, 48 S.Ct. 203, 72 L.Ed. 439. The test of appellate jurisdiction in the exercise or aid of which the Courts of Appeals are authorized to issue writs of mandamus is the existence of that jurisdiction, not its prior invocation. Barber Asphalt Paving Company v. Morris, 8 Cir., 132 F. 945. In that case the Circuit Court of Appeals issued a writ of mandamus ordering the district judge holding the Circuit Court for the District of Minnesota to proceed to try a controversy which was pending in that court and of which the Circuit Court of Appeals had appellate jurisdiction. On the other hand, a writ of mandamus will not be issued ordering the District Court to dismiss a case on the ground that no jurisdiction has been acquired over the defendant where the only question involved is reviewable on appeal only in the Supreme Court of the United States and not in the Circuit Court of Appeals. United States ex rel. Butterworth & Lowe v. Sessions, 6 Cir., 205 F. 502. So far as we are able to learn from the meager petition herein, the case of which review is sought is a judgment of the Court of Common Pleas of Jackson County, Ohio, which has been in effect since 1935. Securing the court records for such a review is, of course, essential. But this court has no jurisdiction to review the judgment of the state court and it cannot issue a writ of mandamus as an incident to a power that it does not possess.

It would be futile under the circumstances to allow the motions to proceed in forma pauperis and to assign counsel. These motions are denied and the petition for alternative writ of mandamus is dismissed.