## MONTGOMERY v. REALTY ACCEPTANCE CORPORATION.

### No. 4506.

Circuit Court of Appeals, Third Circuit.

July 6, 1931.

See, also, 51 F.(2d) 636.

Robert H. Richards and Aaron Finger, both of Wilmington, Del. (Thomas J. Crawford and Carl Ehlermann, both of New York City, of counsel), for appellant.

Charles Curley, of Wilmington, Del., and R. Randolph Hicks, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

In the cycle of happenings in this litigation, this appeal, oddly enough, brings here for review an error of our own. As several errors have, necessarily or naturally, followed in the train of our original error, we shall state the case at length in our determination to straighten out the matter and end it once and for all.

Montgomery sued the Realty Acceptance Corporation for breach of a contract for hire running a term of years. A jury was waived and the case tried to the court. On the issue of damages the plaintiff proved his loss without testifying, in mitigation of damages, to money he had earned after his discharge, which, if earned, he was of course bound to state. In the District Court at its March term, 1929, he had judgment for $80,500. That judgment was final and no further action was taken with respect to it until after the term of the judgment when the defendant appealed to this court. In January, 1930, we affirmed the judgment below and thereby disposed, adversely to the defendant, of all questions of law, with none of which are we presently concerned. 51 F.(2d) 636.

The defendant in due course filed a petition for rehearing which operated to stay the mandate. While that petition was pending the defendant by another petition asked leave of this court—the appellate tribunal then having jurisdiction of the case—to apply to the District Court to set aside the judgment and grant a new trial on the single issue of damages because of newly discovered evidence. This evidence as presented by the defendant's verified petition and not controverted by the plaintiff tended to prove that the plaintiff had since his discharge earned a substantial sum of money concerning which at the trial he did not testify in mitigation of damages and that the discovery was made under circumstances which, as to the defendant's diligence, brought it within the rule of after-discovered evidence.

At the argument on the petition for leave, the question whether the trial court, after the term of the judgment, had jurisdiction to open the judgment and retry the case in whole or in part was not raised, nor, aside from the question of jurisdiction, was it shown that the case was one in which, after judgment, a new trial can be had on a single issue. The argument, as usual in such cases, revolved around the new evidence and its after discovery and in the heat of the argument on those restricted issues every one, including ourselves, overlooked the patent fact that the petitioner was asking leave to move the trial court for a new trial after the term of the judgment, and for a new trial on a single issue without showing the case to be of the class in which such a restricted trial is permissible. Gasoline Products Co. v. Champlin Refining Company (C. C. A.) 39 F.(2d) 521; Id., 282 U. S. 824, 51 S. Ct. 76, 75 L. Ed. ——. We granted the defendant

leave to ask the District Court at its option to open the judgment and admit and consider the newly discovered evidence solely on the quantum of damages, at the same time suspending the petition for rehearing and staying the mandate. In April, 1930, the learned judge of the District Court feeling that, before he should act on the defendant's motion under our leave, the case should be wholly out of this appellate court and wholly back in his trial court, asked this court to remand the cause and the record for the purpose indicated. In compliance with this request a Circuit Judge, who had not sat in this case on appeal, signed a per curiam order in chambers remanding the case by dismissing the appeal. Then everything was back in the District Court where, on June 30, 1930—many terms after the term of the judgment—the judge vacated the judgment and granted a new trial on the single issue of damages. Then the plaintiff appealed from that order and for the first time in this court raised the question of the District Court's jurisdiction to open the judgment after the term, not having raised even yet the question whether the case is one in which a new trial may be had on one of several issues. Concurrently with this second appeal the plaintiff moved this court to vacate its per curiam order dismissing the first appeal and prayed that the mandate issue, forgetting for the moment that upon vacating that order the suspended petition for rehearing would automatically be reinstated and would remain to be decided.

What is now before us? The order of the District Court opening the judgment by our leave and granting a retrial on a single issue after the term of the judgment is the order now here on the plaintiff's appeal. The plaintiff's motion made in this court to vacate its per curiam order dismissing the first appeal is also here. Apprehending that the defendant would lose on both questions we denied its motion to force the plaintiff to an election.

What is the law? Except to correct inaccuracies in mere matters of form, it is firmly settled in federal practice that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless a proceeding for that purpose was begun during the term or the term was for that purpose extended under a general or special rule.

The authorities stating and acting upon this principle are too numerous to cite.

Some of them may be found in Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013, and United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. These two decisions—the latter citing and approving the former—would have ruled the case at bar, on both the law and facts, against the District Court had it attempted to exercise jurisdiction by opening the judgment and allowing a retrial at a later term without our leave. And these cases we think rule the case at bar with equal force where the District Court did the same thing by our leave, unless by giving the District Court leave to open the judgment after the term we had power to restore to the District Court the jurisdiction which it had lost when the term of the judgment ended.

It should be noted that this is not the ordinary case of a new trial awarded after a judgment has been reversed. Here the judgment had been affirmed and with the affirmance still in force a new trial was ordered. Unless validated by our leave, the opening of the judgment and the ordering of a new trial stand as though no leave had been asked or granted and fall directly within the Mayer Case. As we find this court is without power to confer original jurisdiction upon or restore lost jurisdiction to the District Court with respect to a new trial after the term, the law of the Mayer Case rules this case. It follows that in granting the defendant leave to ask the District Court to open the judgment after the term and award a new trial contrary to the rule which we knew perfectly well, we, quite inexcusably, committed error—the initial error—with two aspects: One, in authorizing the plaintiff to ask the District Court to do that which it could not lawfully do and the other, in authorizing the plaintiff to make a motion in the trial court for a new trial on one issue without first requiring it to show that the matter was of a kind triable on a single issue.

What followed? Two errors, necessarily or logically, followed the original error. One was the per curiam order of this court dismissing the appeal to give the trial court a free hand; the other was the action of the trial court in making the order opening the judgment and allowing a new trial on one issue.

Where does all this put the case? Should we sustain this court's per curiam order, the appeal would stand dismissed for good and all and the mandate embodying the law of the case could never go down. If, without

more, we annul this order, the appeal will be reinstated but the judgment first appealed from will remain set aside in the District Court and the mandate on the first appeal, should it go down, could give no effect to a judgment that is no longer in existence.

If, without more, we reverse the order of the District Court vacating the judgment and awarding a new trial, the original judgment of the District Court would be reinstated but not affirmed because the appeal has been dismissed. Should we sustain both the order of the District Court opening the judgment and the order of this court dismissing the first appeal we would thereby withhold our affirmance on the law and allow the District Court to go ahead and try the case on a single issue, that is, to do a doubtful thing as to retrial on a single issue and do a futile thing as to retrial after the term.

One more error in this case would not be pardonable. What, then, must be done?

We shall answer this question by working backwards and making directions as follows:

The order of the District Court opening the judgment and awarding a new trial on a single issue after the term at which the judgment was entered is on this second appeal reversed. That, on the issuance of the mandate, restores the judgment as entered. The order of the Circuit Court of Appeals dismissing the first appeal is vacated. That reinstates the first appeal in this court. It also automatically revives the suspended petition for rehearing. The petition for rehearing is now denied. That releases the order of affirmance in the first appeal and liberates the mandate. Then the mandate shall go down in due course under the rule. When that is done the judgment below will stand affirmed as entered.

These several orders however are made without prejudice to the defendant's right to seek relief by bill in equity.