REALTY ACCEPTANCE CORP. *v.* MONTGOMERY.

No. 314.   Argued January 12, 1932.—Decided February 15, 1932.

· *Mr. R. Randolph Hicks,* with whom *Mr. Charles F. Curley* was on the brief, for petitioner. · They cited:

*Mr. Thomas J. Crawford,* with whom *Mr. Robert H. Richards* was on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner complains of two orders entered by the Circuit Court of Appeals, one which reversed an order of the District Court setting aside a judgment entered at an earlier term and granting a motion for new trial for the purpose of considering certain newly discovered evidence as to damages, and the other, which vacated its own order previously entered dismissing an appeal from the same judgment and remanding·the cause so that the District Court might, in the exercise of its discretion, grant such new trial.

At the March term, 1929, respondent recovered judgment against petitioner for the breach of a contract of employment. An appeal was perfected to the Circuit Court of Appeals, was heard in that court subsequent to the expiration of the term of the District Court, and resulted in an affirmance. Petitioner filed a motion for rehearing, and before disposition thereof presented a petition setting forth that at trial the respondent had failed to disclose certain earnings of which he had been in receipt, which should have been taken into account in mitigation of damages; that these facts had been discovered after appeal from the judgment; that the mandate of the

Court of Appeals should be stayed to afford the District Court opportunity, if it thought proper, to request the return of the record so that the judgment could be opened and, if justice should so require, a new trial be granted on the issue of the *quantum* of damages. This petition was granted, respondent applied to the District Court, and that court requested the Court of Appeals to return the record for the purpose mentioned. Thereupon the latter court made an order vacating its affirmance of the judgment and dismissing the appeal, thus returning the record to the District Court, which then entertained a motion for a new trial, found the evidence newly discovered within the applicable rule of law, set aside the judgment, and granted a new trial. Respondent then appealed to the Circuit Court of Appeals, assigning this action as error. The latter court held that except for its own orders the District Court would have been without authority to set aside the judgment after the term had expired; that no additional power had been conferred upon the trial court by the previously recited orders in the appellate proceedings; and that there had been error in dismissing the first appeal. Accordingly it reversed the District Court's order granting a new trial, revoked its own order dismissing the first appeal, overruled the petition for a rehearing therein, and reinstated the order affirming the original judgment of the District Court.

The petitioner concedes the District Court lacked power to set aside its judgment after the expiration of the term for the purpose of hearing newly discovered evidence (*United States* v. *Mayer,* 235 U. S. 55, 67; *Delaware, L. & W. R. Co.* v. *Rellstab,* 276 U. S. 1); it admits the Circuit Court of Appeals has no original jurisdiction, and possesses only such appellate jurisdiction as is conferred by statute. *United States* v. *Jahn,* 155 U. S. 109, 112; *Whitney* v. *Dick,* 202 U. S. 132; *United States* v. *Mayer, supra.*

But the claim is that § 701 of the Revised Statutes, which defines our appellate jurisdiction, and is made applicable to the Circuit Courts of Appeals by the Act of March 3, 1891, c. 517, § 11, 26 Stat. 829 (see *Ballew* v. *United States,* 160 U. S. 187), authorizes those courts, in the proceeding in error, to set aside a judgment and receive additional evidence, if justice so requires, and that such power may also be exercised by remanding the cause to the trial court for similar proceedings. The section is copied in the margin.[1]

Stress is placed upon the point that in addition to mere power to affirm, reverse or modify, jurisdiction is given in the alternative to order such judgment to be rendered or such further proceedings to be had by the inferior court as the justice of the case may require. From this the conclusion is that, though no error appears in the record justifying a modification or reversal, the appellate court may, if justice so demands, take further proof which the trial court would be powerless to receive because its term has ended, and on the basis of such proof reverse or modify the judgment. In addition the contention is that, though there be no error upon the face of the record, the section authorizes its return to the lower court for the opening of the judgment and reception of newly discovered evidence.

The section has been construed as applying to cases where a judgment or decree is affirmed upon appeal and further proceedings in the court below are appropriate in

---

[1] "The Supreme Court may affirm, modify, or reverse any judgment, decree, or order of a circuit court, or district court acting as a circuit court, or of a district court in prize causes, lawfully brought before it for review, or may direct such judgment, decree, or order to be rendered, or such further proceedings to be had by the inferior court, as the justice of the case may require. The Supreme Court shall not issue execution in a cause removed before it from such courts, but shall send a special mandate to the inferior court to award execution thereupon."

aid of the relief granted. And the statute warrants the giving of directions by an appellate court for further proceedings below in conformity with a modification or a reversal of a judgment where, in consequence of such action, such proceedings should be had. *Insurance Co.* v. *Piaggio,* 16 Wall. 378; *Little Miami & C. X. R. Co.* v. *United States,* 108 U. S. 277, 280; *Fort Scott* v. *Hickman,* 112 U. S. 150, 165; *Pullman Car Co.* v. *Metropolitan Ry. Co.,* 157 U. S. 94, 112; *United States* v. *Eaton,* 169 U. S. 331, 352; *Camp* v. *Gress,* 250 U. S. 308, 318; *Cole* v. *Ralph,* 252 U. S. 286; *Kendall* v. *Ewert,* 259 U. S. 139. *Ballew* v. *United States, supra,* on which petitioner relies, went no farther than this; for there a judgment was reversed in part. Nothing was there said to indicate that this court would order further proceedings below to attack or set aside a judgment entered on a record which disclosed no error calling for a modification or reversal. No authority is cited in which R. S. 701 has been construed as extending this court's powers in the manner for which petitioner contends. *Roemer* v. *Simon,* 91 U. S. 149, is to the contrary. The holding was that upon an appeal in equity this court could not upon motion set aside the decree of the court below and grant a rehearing, and could not receive new evidence; and, further, that as the court below was without power to grant a rehearing after the term at which the decree was entered, the remanding of the cause for such purpose would be useless. The opinion adds that if the term had not expired the appellate court might in a proper case, upon request of the court below, return the record, for the opening of the decree and for rehearing.

In the present case there is a further conclusive reason why the remission of the cause to the District Court was ineffective to give authority to hear the motion to set aside the judgment. Upon the original appeal the Circuit Court of Appeals found no error in the record and

affirmed the judgment, but subsequently rescinded the order of affirmance and dismissed the appeal. This action was final, ended the case in that court, and deprived it of all power to add to or alter the record as certified. Since there was no case pending, power was wanting to make any order granting leave to the court below for any purpose. The attempt by remanding the record, with leave to the court below to take action which would otherwise have been beyond its powers, left the matter precisely as if no such order had been made.

It follows that the Circuit Court correctly held that what was done subsequently to the affirmance of the judgment in the first appeal was improvident and unauthorized and should be rescinded, and the order which accomplished this end and reinstated the original judgment is

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.