**UNITED STATES v. AKERMAN, Judge.**
No. 6769.

Circuit Court of Appeals, Fifth Circuit.
Oct. 31, 1932.

█

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Paul Antinori was on June 10, 1929, sentenced to four years' imprisonment, but his sentence was suspended, and he was placed on probation under the Probation Act (18. USCA §§ 724–727). On June 18, 1931, his probation was revoked after a hearing, and he was resentenced to a reduced term of imprisonment of twelve months. The United States appealed from the judgment in so far as it reduced the original sentence, but the jurisdiction of the District Court on revoking probation to impose a new and lesser sentence was upheld upon the words of 18 USCA § 725: "Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." United States v. Antinori (C. C. A.) 59 F.(2d) 171. The District Court duly entered the mandate of affirmance on July 18, 1932, and directed the marshal to imprison Antinori for the unexpired portion of his twelve months sentence. On the same day, however, after a showing touching Antinori's ill health, the District Court undertook to amend the sentence of June 18, 1931, to read imprisonment for one hour only. A mandamus is sought from this court to require execution of the judgment which it had affirmed. The answer of the District Judge discloses that he is of opinion that the appeal from the judgment of June 18, 1931, kept the term of the District Court open as respects this case until the mandate was entered on July 18, 1932, and that thereupon he had the same jurisdiction to amend the judgment as he would have had immediately after and within the term at which it was rendered, in accordance with the case of United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354. This view is, we. think,· erroneous. When probation was revoked and "such sentence imposed as might. originally have been imposed," the provisions. of the Probation Act were exhausted. The sentence then imposed was final in the same

way that all criminal sentences were before that law was passed. While within the breast of the court during the term, that term of the District Court expired long before July 18, 1932. The appeal did not extend it. On affirmance the judgment stood unalterable by the District Court. Realty Acceptance Corp. v. Montgomery, 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. Commutation, if any, must come through the pardoning power.

It is ordered that a copy of this opinion be certified to the District Judge.