## MERRILL v. DAY.

### In re THOMAS.

### No. 5087.

Circuit Court of Appeals, Third Circuit.

Feb. 20, 1933.

Earle A. Merrill, of Westfield, N. J., for petitioner.

Samuel J. Kaufman, of Newark, N. J., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This case arises over an alleged claim which the trustee in bankruptcy of the estate of George E. Thomas has against Joseph P. Day for $8,337.72.

This case was here before. The District Court heard the same questions which are raised in the petition before us, and made its order adverse to the trustee's contention on May 6, 1931, wherein it stated that the trustee in bankruptcy "has no claim whatsoever against the said Joseph P. Day and Pauline M. Pope Day, his wife (or either of them)."

An appeal was taken to this court which affirmed the order of the District Court on October 8, 1931. Quinzel v. Hendricks, 52 F. (2d) 1085. Application was then made to the Supreme Court for a writ of certiorari, which was denied by that court. 284 U. S. 690, 52 S. Ct. 266, 76 L. Ed. 583. Thereupon

a petition was filed in that court for a rehearing of its order refusing the writ of certiorari, and on March 14, 1932, the petition was denied. All this is disclosed in paragraph 6 of the petition before us, which reads as follows: "6. Notwithstanding one Charles S. Quinzel, a creditor of said bankrupt, appealed said order of May 6, 1931, to this court, where it was affirmed, and applied to the United States Supreme Court for a writ of certiorari which was denied, your petitioner, nevertheless, submits that he, as trustee, under bond, required to account to the creditors, occupying a fiduciary relationship to the creditors, and upon the state of the record as disclosed by his petition to the District Court, the allegations of fact in which are undenied, cannot be disabled by the order of court from the performance of his statutory duties."

In addition, the Court of Chancery of New Jersey in an interpleader suit ordered by the federal District Court held that the trustee's claim was invalid, and this decree was affirmed by the Court of Errors and Appeals. 108 N. J. Eq. 132, 149 A. 55.

Thereafter, when the mandate of this court went down to the District Court, the trustee filed a motion in that court to vacate its order of May 6, 1931, which, as before stated, this court had affirmed, and the Supreme Court had denied a writ of certiorari. The trustee is here seeking to review and revise the order of the District Court refusing to vacate its order of May 6, 1931. A simple statement of the facts of this case is the best argument for denying the petition. Clearly the District Court had lost jurisdiction over the order of May 6, 1931, and properly refused to vacate it. United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129; Montgomery v. Realty Acceptance Corporation (C. C. A.) 51 F. (2d) 642, 643, judgment affirmed, 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476.

The petition is denied.