170

## FRIEDBERG et al. v. UNITED STATES.*
### No. 7245.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1934.

Ion L. Farris and Montague Rosenberg, both of Jacksonville, Fla., for appellants.

John W. Holland, U. S. Atty., and Wm. A. Paisley, Asst. U. S. Atty., both of Jacksonville, Fla., for the United States.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order denying the writ of habeas corpus. Appellants, after having been convicted of using the mails to defraud, and after the sentences imposed upon them had been affirmed by this court on appeal, 63 F.(2d) 1003, applied to the District Court to be released on habeas corpus, on the ground that the jury which convicted them were guilty of misconduct, in that the jury arrived at their verdict by lot, several of them were prejudiced against appellants, and one of their number received from an outsider information harmful to appellants, which he communicated to the other jurors. The only errors assigned on the former direct appeal related to orders of the trial

*Rehearing denied April 12, 1934.

court overruling a demurrer and a motion to quash the indictment. Pending that appeal, but after the trial term of the District Court had expired, application was made here for leave to the District Court to entertain and in its discretion to grant an extraordinary motion for new trial, based on the same alleged acts of misconduct as are now relied on in support of the petition for habeas corpus. Affidavits in support of that application disclosed that appellants had knowledge of the communication complained of more than a month before the trial term expired. The leave applied for was denied by us, without reference to such knowledge, on the authority of Realty Acceptance Corp. v. Montgomery, 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476, which, as we thought then and still think, holds that after the expiration of the trial term of the District Court a federal Circuit Court of Appeals is without jurisdiction to authorize a new trial in the District Court. Whether our construction of that decision of the Supreme Court was correct or not is beside the question raised by this collateral attack on the judgment of conviction.

Habeas corpus may be resorted to only when the trial court is without jurisdiction or its judgment is wholly void; it is not a substitute for a direct appeal, and may not be used to correct irregularities, however serious, which occur in the course of a criminal trial if an adequate method of correction be supplied and made available. In re Schneider, 148 U. S. 162, 13 S. Ct. 572, 37 L. Ed. 406; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070. In this case the trial court undoubtedly had jurisdiction to impose sentence. It is beyond question too that a complete remedy was provided for and made available to correct any error resulting from the alleged misconduct of the jury. Appellants had an opportunity during the term at which they were tried and convicted to dismiss their appeal, or by permission of this court after appeal to leave it pending, and in either event to apply to the trial court for a new trial upon the very ground stated in their belated application to this court, and which they seek to renew in this proceeding. But they chose throughout the term to forego that opportunity and instead continued to rely for reversal on the record proper. It is not to be assumed that the district judge would have refused to set the verdict aside if proof of the jury's misconduct had been properly shown. For abuse of discretion there still would have remained the right of appeal.

The judgment is affirmed.