## REALTY ACCEPTANCE CORPORATION v. MONTGOMERY.
### No. 5503.

Circuit Court of Appeals, Third Circuit.

April 2, 1935.

Charles F. Curley, of Wilmington, Del., and R. Randolph Hicks and William C. Scott, both of New York City, for appellant.

Thomas J. Crawford, of New York City, Robert H. Richards and Aaron Finger, both of Wilmington, Del., and Carl Ehlerman, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Montgomery sued the Realty Acceptance Corporation for breach of a contract of employment. One of the issues tried was whether certain speculative profits and certain moneys in the nature of salary received by Montgomery when serving another person during the balance of the contract term could be considered in mitigation of damages. The court ruled that only the latter could be so considered and thereupon deducted from the claim a relatively small sum of moneys earned.

The plaintiff had a judgment which on the defendant's appeal this court affirmed. Realty Acceptance Corporation v. Montgomery (C. C. A.) 51 F.(2d) 636. Months after the term at which the judgment had been entered, the defendant discovered evidence which it claimed proved and we thought "tended to prove" that, since his discharge and within the contract period, the plaintiff had earned a substantial sum of money concerning which at the trial he did not testify in mitigation of damages. Accordingly the defendant sought to open the judgment and re-try the issue. Then followed a great deal of confusion in motions by counsel and orders by this court and the District Court. Later this court, and finally the Supreme Court, ruled that the District Court had no power to set aside its judgment after the term for the purpose of hearing newly discovered evidence and re-trying the issue of mitigation of damages. Realty Acceptance Corporation v. Montgomery (C. C. A.) 51 F.(2d)

636, 642; Id., 284 U. S. 547, 52 S. Ct. 215, 76 L. Ed. 476. So the judgment stood.

The defendant, being definitely without means at law by which to make effective the new evidence it had discovered, filed a bill on the equity side of the District Court praying that it find the judgment unconscionable in that it was obtained by fraud and false testimony on the part of the plaintiff and that the court issue an injunction against its execution. The substance of the fraud was the alleged false testimony.

On hearing, the trial court found that the testimony of the plaintiff as to services he had rendered and money he had earned after the defendant had discharged him was incorrect in that he had not told the truth, or rather he had not told the whole truth, and in consequence the judgment of the court based on that testimony was wrong and the damages awarded him excessive; yet finding that the defendant could have prevented that result by diligently seeking the real facts before trial, at trial, or after trial but before the end of the term, the court, on authorities cited, refused an injunction and dismissed the bill.

A determination on this appeal whether the trial court was right or wrong depends very much on the manner in which the question is approached. If, on the threshold, we should regard the judgment as unconscionable, as the defendant would have us do, and try to find a way out through the doors of a court of equity, it is likely we should stumble to a wrong conclusion. But if we approach the question by ascertaining the power of a court of equity to annul judgments at law and then determine whether the facts of the case come within the law, we should probably arrive at a right conclusion. And this, evidently, was the way the learned trial judge went about it. Following the same path and encountering the same authorities he came upon and many more which, doubtless, he saw but thought unnecessary to cite, we find ourselves in full accord with his understanding of the law and with the conclusion to which, on the facts, it inevitably drove him. Discussion of the law with its supporting authorities would be nothing more than repetition of what has already been done. Referring to the opinion of the learned trial judge for a statement of facts and for the applicable law (D. C.) 6 F. Supp. 593, the decree dismissing the bill is affirmed.