## MONTGOMERY v. REALTY ACCEPTANCE CORPORATION.

### No. 25.

District Court, D. Delaware.

July 24, 1936.

Robert H. Richards and Aaron Finger (of Richards, Layton & Finger), both of Wilmington, Del., and Thomas J. Crawford, of New York City, for plaintiff.

R. Randolph Hicks (of Satterlee & Canfield), of New York City, for defendant and surety company.

NIELDS, District Judge.

This is a motion for a summary judgment against a surety on a supersedeas appeal bond.

A judgment of $80,500 was entered against Realty Acceptance Corporation in the above suit on May 1, 1929. An appeal was taken and defendant gave a supersedeas appeal bond for $90,000 with American Employers' Insurance Company as surety on June 7, 1929. The condition of the bond is as follows:

"Whereas, the above named Realty Acceptance Corporation, has prosecuted an appeal to the United States Circuit Court of Appeals for the Third Circuit, to reverse the judgment rendered in the above entitled suit, by a Judge of the District Court of the United States for the District of Delaware.

"Now, therefore, the condition of this obligation is such, that if the above named Realty Acceptance Corporation shall prosecute its appeal to effect and answer all damages and cost if it fail to make its appeal good, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue."

This supersedeas appeal bond was given pursuant to section 1000, U.S.R.S. (28 U.S.C.A. § 869), and rule 13 of the Circuit Court of Appeals for the Third Circuit. They provide:

Sec. 1000. "Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the Government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

Rule 13. "Supersedeas bonds in the district courts must be taken, with good and sufficient security, that the plaintiff in error or appellant shall prosecute his writ or appeal to effect, and answer all damages and costs if he fail to make his plea good."

January 15, 1930, the Circuit Court of Appeals for the Third Circuit affirmed the

judgment in the following language: "Affirmed on the findings made by Judge Morris and on his reasoning in entering the verdict." 51 F.(2d) 636, 641.

February 3, 1930, a petition for rehearing was filed in the Court of Appeals. March 5, 1930, certain after-discovered evidence having come to the knowledge of the attorneys for defendant, defendant petitioned the Court of Appeals for leave to apply to this court to request the court of appeals to remand the cause to this court "to the end that said district court on defendant's motion might vacate the said judgment in plaintiff's favor and reopen the cause for the purpose of taking and considering certain newly discovered evidence." March 25, 1930 an order was entered in the Court of Appeals permitting defendant to "file a petition in the District Court of the United States for the District of Delaware asking the said district court, at its option, to request this court to remand this cause and the record therein to the said district court to the end that it may, if persuaded by the defendant-petitioner, vacate the judgment therein and reopen said cause for the purpose of taking and considering certain newly discovered evidence bearing solely on the quantum of the judgment * * *." April 10, 1930, defendant moved this court to request the court of appeals to remand the cause to this court. June 23, 1930, this court entered an order requesting the Court of Appeals to dismiss the appeal of the defendant without prejudice and to remand the cause to this court to the end that this court may vacate the judgment and on application of the defendant reopen said cause for the purpose of taking certain newly discovered evidence bearing solely on the quantum of the judgment. June 28, 1930, the Court of Appeals entered an order dismissing the appeal of defendant without prejudice and remanding the cause to this court pursuant to its request. June 30, 1930, this court entered an order vacating and setting aside the judgment of May 1, 1929, and reopening the cause for the purpose of taking and considering certain newly discovered evidence bearing solely on the quantum of the judgment. Plaintiff appealed from the order of June 30, 1930, upon the ground that this court was without jurisdiction to set aside its judgment after the expiration of the March term, 1929. July 6, 1931, the Circuit Court of Appeals declared:

"The order of the District Court opening the judgment and awarding a new trial on a single issue after the term at which the judgment was entered is on this second appeal reversed. That, on the issuance of the mandate, restores the judgment as entered. The order of the Circuit Court of Appeals dismissing the first appeal is vacated. That reinstates the first appeal in this court. It also automatically revives the suspended petition for rehearing. The petition for rehearing is now denied. That releases the order of affirmance in the first appeal and liberates the mandate. Then the mandate shall go down in due course under the rule. When that is done the judgment below will stand affirmed as entered.

"These several orders however are made without prejudice to the defendant's right to seek relief by bill in equity." 51 F.(2d) 642, 644.

October 19, 1931 the Supreme Court of the United States granted a certiorari. 284 U.S. 604, 52 S.Ct. 25, 76 L.Ed. 518. February 15, 1932 that court held: "It follows that the Circuit Court correctly held that what was done subsequently to the affirmance of the judgment in the first appeal was improvident and unauthorized and should be rescinded, and the order which accomplished this end and reinstated the original judgment is affirmed." 284 U.S. 547, 552, 52 S.Ct. 215, 217, 76 L.Ed. 476.

March 5, 1932, defendant sought relief in this court by bill in equity as suggested at the end of the opinion of the Circuit Court of Appeals. May 10, 1934, this court dismissed defendant's bill of complaint, finding that relief should be denied for lack of due diligence on defendant's part. 6 F.Supp. 593. On appeal the decree of this court was affirmed. (C.C. A.) 77 F.(2d) 762. Certiorari was denied. 296 U.S. 590, 56 S.Ct. 103, 80 L.Ed. 418.

Plaintiff conceives that he is entitled to a summary judgment against the surety on the supersedeas appeal bond given June 7, 1929. Accordingly, December 3, 1935, plaintiff gave written notice to the American Employers' Insurance Company, surety on that bond, that on December 6, 1935, he would "move for summary judgment against you for the full amount of the supersedeas bond of ninety thousand dollars ($90,000) filed in the above entitled cause, and upon which bond you are surety * * *." December 6, 1935, plaintiff

"moves for summary judgment in favor of the plaintiff and against American Employers' Insurance Company, a Massachusetts corporation, upon the bond in favor of said Henry G. Montgomery for the sum of $90,000.00 dated June 6, 1929, filed in the above entitled cause by the defendant above named, as principal, and by said American Employers' Insurance Company, as surety * * *." December 11, 1935, American Employers' Insurance Company demurred to plaintiff's motion on the ground that this court is without power to enter a summary judgment against it.

■ In Delaware there is no summary judgment statute. Here action against the surety on a supersedeas appeal bond should be started by filing in the District Court a præcipe for a writ of scire facias. Thereupon the writ issues and performs the office of a writ of summons to bring the defendant into court and of a declaration. A case so begun would be docketed, pleaded to issue, and tried like other actions. Thus a surety on a supersedeas appeal bond is assured his day in court. 2 Woolley on Delaware Practice, c. XXVI; Universal Transp. Co. v. National Surety Co. (D.C.) 252 F. 293; National Surety Co. v. Universal Transp. Co. (C.C.A.) 256 F. 450.

■ The general rule respecting summary remedies is correctly stated in 4 Corpus Juris, § 3436: "It is a general rule that, in the absence of express statutory authority covering the case in question, a summary judgment on an appeal bond cannot be rendered by either the trial or the appellate court; and where the court lacks statutory authority to render such a judgment in a given case, it has been held that even a stipulation in the bond that summary judgment may be rendered against the sureties is ineffectual. In many jurisdictions, however, statutes have been enacted authorizing the court to render summary judgment against the sureties in certain cases, where certain conditions exist; and such statutes are followed in the federal courts by virtue of the statute providing for conformity to state practice; but where no statute of this nature exists in a state where a particular federal court is held, a summary judgment on the bond can not be rendered by that federal court, there being no federal statute expressly authorizing it."

A great American jurist has said: "No law of the state of Oklahoma has been called to our attention which empowers any court of that state to render a judgment against sureties on a supersedeas bond without a suit against them upon the bond, except in cases of appeals to the district courts from probate courts and courts of justices of the peace (Compiled Laws of Oklahoma, § 6398), so that there does not appear to have been any authority to enter the judgment below under the Act of Conformity (Revised Statutes of United States, § 914 [U.S.Comp.St.1901, p. 684, 28 U.S.C.A. § 724]). There is no act of Congress which expressly authorizes such a judgment, and while cases may be found where, upon a notice of motion, or an order to show cause duly served upon the sureties, such judgments have been rendered under the Act of Conformity where a state statute empowered the courts of the state to follow that practice (Egan v. Chicago Great Western Ry. Co. [C.C.] 163 F. 344, and cases there cited), no case has challenged attention where a judgment against sureties on a supersedeas bond without any suit upon it against them, without any notice to the sureties of the contemplated judgment and without express legislative authority to enter it without such notice, has ever been sustained. The record in this case discloses such a judgment, a judgment that appears by this record to be coram non judice and void as to the sureties." Lamon v. Speer Hardware Co. (C.C.A.) 198 F. 453, 456.

The federal court in Iowa furnishes a typical instance of an entry of a summary judgment against sureties: "It may be conceded that there is no act of Congress other than the Conformity act of June 1, 1872 (17 Stat. 197, c. 255, Rev.St.U.S. § 914 et seq. [U.S.Comp.St.1901, p. 684, 28 U.S.C.A. §§ 724, 726, 727]), authorizing such procedure; but the Supreme Court of the United States has repeatedly held that, where the statutes of a state authorize a summary judgment against the sureties upon an appeal or supersedeas bond, the Circuit and District Courts of the United States in that state may render such judgment." Egan v. Chicago Great Western Ry. Co. (C.C.) 163 F. 344, 346.

Plaintiff relies wholly upon certain general language of the Supreme Court: "For, as this court has said, sureties 'become quasi parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgment may be rendered on their bonds.'" Pease v. Rathbun-Jones Eng. Co., 243 U.S., 273,

279, 37 S.Ct. 283, 286, 61 L.Ed. 715, Ann. Cas.1918C, 1147.

This case originated in Texas, where there is a summary judgment statute providing: "When a court of civil appeals affirms the judgment or decree of the court below * * * said court shall render judgment against the appellant or plaintiff in error and his sureties on the appeal bond." Texas Rev.Civ.Stat. c. 5, art. 1857.

The Texas statute changed the substantive law in Texas respecting the obligation of a surety on appeal bonds. This statute is binding in equity suits in Texas as well as in law actions. A surety enters into his appeal bond with knowledge of the Texas statute which in effect makes him a party in any suit against his principal and subjects him to the entry of a summary judgment. With the Texas statute in mind the general language of the Supreme Court is readily understood.

Summary judgment statutes now exist in many states empowering federal and state courts in those states to enter judgments against sureties on supersedeas appeal bonds on motion of plaintiff.[1] In one or two states by a strained construction courts have attempted to find authority to enter a summary judgment in section 1000, U.S.R.S. (28 U.S.C.A. § 869), and rule 13 of the Circuit.Court of Appeals. Federal courts grant such motions pursuant to the change in substantive law enlarging the surety's obligation. Defendant's statement that a motion for a summary judgment against a surety has never been granted except in jurisdictions where a state statute prevailed is substantially true. A court of equity, as well as a court of law, is bound by the substantive law making the surety's obligation a joint obligation with his principal, and making a surety on an appeal bond a party to any suit against his principal. Here the surety has not had its day in court. This surety

---

[1] California. Section 942, Code of Civil Procedure: "If the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment or order; that if the judgment or order appealed from or any part thereof be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment or order, or the part of such amount as to which the judgment or order is affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the appellant does not make such payment within thirty days after the filing of the remittitur from the supreme court in the court from which the appeal is taken, judgment may be entered on motion of the respondent in his favor against the sureties for such amount, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal."

Idaho. Section 11-204, Code 1932. (Language of section identical with that of California.)

Michigan. Section 14510, Compiled Laws Michigan 1929: "In all cases where judgment shall be rendered against the appellant in the circuit court, or in the supreme court, the same may, on motion of the appellee made before judgment against the appellant, be entered against both appellant and surety, and be collected on execution against them as in ordinary cases of judgment against two (2) or more."

Montana. Section 9735, Revised Codes of Montana 1921. (Language of section identical with that of California).

Oklahoma. Rev.Laws 1910, § 5254, as amended by Laws 1915, c. 249, § 1: "Before an undertaking shall operate to stay execution of a judgment or order, a petition in error must be filed in the appellate court and the execution of the undertaking and the sufficiency of the sureties must be approved by the court in which the judgment was rendered or order made, or by the judge or clerk thereof; provided that at any time when the time for making or contemplating a case-made is extended by the court or judge, the court or judge shall include in such order an order staying execution pending the giving of an undertaking as herein provided for and the time within which the proceedings in error shall be filed in the Supreme Court, in order to continue such stay of execution pending the completion and settling of the case and the filing of the petition in error in the Supreme Court, and in the event that the judgment of the court to which such appeal is taken is against the appellant, judgment shall, at the same time it is entered against the appellant, be entered against the sureties on his said undertaking to stay execution, and execution shall issue thereon against said sureties the same as against their principal, the appellant, and no stay of such execution shall be permitted."

is not bound by a judgment of over $100,-000 against its principal. The surety nowhere appears in the record save as a surety in a bond filed in this court in 1929.

The motion for summary judgment must be denied.