## BAKER v. UNITED STATES.

No. 1193.

District Court, D. Idaho, Central Division.

Sept. 1, 1936.

Oppenheim & Lampert and John B. Musser, all of Boise, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho.

CAVANAH, District Judge.

The defendant moves to strike from the record the motion of plaintiff for new trial upon the grounds: First, that the motion was not made in accordance with rule 75 of this court and within the time provided for in said rule; and second, that the motion for new trial is argumenta-

tive and does not state any facts entitling the plaintiff to a new trial.

As to the defendant's first contention it becomes necessary to consider the record as to the steps taken by the plaintiff after the rendering of the verdict of the jury and the entry of judgment thereon. It appears that the cause was tried during the May, 1935, term of the court at Moscow, Idaho, resulting in a directed verdict for the defendant on May 18th. At the time the verdict was rendered, counsel for the plaintiff stated in open court, "May we have an exception to the verdict of the jury and sixty days in which to perfect an appeal and also an extension of the term," and immediately the following order was entered: "Plaintiff was granted exception and sixty days in which to prepare, serve and file proposed bill of exceptions and extension of the term for sixty days for the settlement of the bill."

At 11:30 a. m. May 18, 1935, the clerk entered judgment on the verdict of the jury and on the same day court, for the Central Division, adjourned, sine die. On June 19, 1935, plaintiff filed his motion for new trial. Since adjournment of the May, 1935, term of the court, the November, 1935, and May, 1936, terms of the court, fixed by the statute, have intervened. Rule 75 of the court provides that "within thirty days after entering of judgment applicant shall serve upon adverse party and file with the Clerk, application for new trial." It is further provided by rule 82 of the court that, "when the act to be done in any action at law * * * relates to * * * preparation of bill of exception or amendment thereto * * * or to new trials, the time allowed by these rules may, unless otherwise specified, be extended by written stipulation, or by the Court, or changed by order made before expiration of said time. * * *"

The procedure provided for by rule 66 of the court is that judgments in actions at law are entered by the clerk unless otherwise ordered by the Court, and no order or direction for the suspension of the entry of a judgment will be made without notice to all parties. With this record and the rules of the court in mind, it is urged by the defendant that the court should apply the general principle "that the Court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was began during that term, or extension thereof made within the term." This principle thus urged is recognized in United States v. Mayer, 235 U. S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Realty Acceptance Corp. v. Montgomery, 284 U. S. 547, 52 S.Ct. 215, 76 L.Ed. 476.

 The statute of limitations begins to run from the happening of the event notwithstanding any provision of law directing the giving of notice of the event. United States v. Michel, 282 U.S. 656, 658, 51 S.Ct. 284, 75 L.Ed. 598. As the judgment was entered on May 18, 1935, and motion for new trial was filed June 19, 1935, and more than 30 days had elapsed from the entry of the judgment until the time the motion for new trial was filed, it would seem under the record that no notice of entry of judgment was necessary, as the rule required the judgment to be entered by the clerk upon the return of the verdict, rule 66, and that the plaintiff and his counsel were present in court when the verdict was rendered, thereby having personal knowledge of the date when the judgment was entered. Thus the failure to move for new trial within the 30 days from the entry of the judgment precludes the court from entertaining the same, unless, as urged by the plaintiff, the order of the court extending the term of the court also extended the time to file motion for new trial. An analysis of the order requested by counsel for the plaintiff extending the term relates solely to matter on perfecting the appeal from judgment and not to the extension of time within which to apply for new trial, in the trial court, for we find that the Order reads that "plaintiff was granted exception and sixty days in which to prepare, serve and file proposed bill of exceptions and the extension of the term for sixty days for the settlement of the bill." This order is specific in its language and says nothing about extending the time for moving for new trial in this court. The court had, on May 18, 1935, adjourned sine die without reservation whatever, and the motion for new trial was not made until June 19, 1935, more than 30 days after entry of the judgment. The further thought appears that, as the order of the court extending the term to prepare, settle, file, and serve bill of exceptions, it has no relation to the moving for new trial in the trial court, and it is inconsistent with any proceeding respecting a motion for new trial. A judgment does not become final until after time

984

for filing motion for new trial has expired and the motion has been acted upon by the court. Therefore steps looking toward an appeal admit the finality of the judgment, while steps looking toward an attack on the judgment by motion for new trial in the trial court do not admit its finality.

The defendant asserts that it affirmatively appears from the record that not until after the expiration of the term of the court was the motion for new trial made, and no other action taken which continued the power of the court over the judgment. The power of the court to entertain a motion for new trial expired with the expiration of the term. This might be true if there were not a rule of the court granting to the losing party a certain time within which to move for new trial, from the entry of the judgment, and, as the rule of this court grants the right to move for new trial within 30 days from the entry of judgment, the principle referred to in the authorities cited by defendant would not apply where the time had not expired before the term adjourned. It is now, and has been, the practice in this district since the adoption of the rule to allow a motion for a new trial to be filed within 30 days after entry of the judgment, and hearing on the same is set for some date fixed by the court, at any place within the district. Dwyer v. United States (C.C.A.) 170 F. 160, Rules 75 and 38. However, the conclusion is reached that, the motion not having been filed within 30 days from the entry of the judgment as appears from the record and as required by rule 75 of the court and no order of the court having been obtained for extension to do so, the contention would apply.

In regard to the assertion in plaintiff's brief that he relied upon a copy of the judgment voluntarily forwarded to him showing "United States District Court, Filed at 11:30 May 20, 1935, W. D. McReynolds, Clerk, by ——— Deputy," with a notation "thought maybe you would like to have a copy of this judgment, Ethel House," and which does not appear in the record on the motion for new trial, the court would not be warranted in considering it, as it is not made a part of the record now before the court on the motion for new trial. It follows that the motion to strike the motion for new trial is granted.