## MONTGOMERY v. AMERICAN EMPLOY-ERS' INS. CO. (two cases).

## SAME v. UNITED STATES CASUALTY CO.

### Nos. 1–3.

District Court, D. Delaware.

Feb. 10, 1938.

Richards, Layton, & Finger, of Wilmington, Del., and George Crawford, (of Ehlermann & Crawford) of New York City, for plaintiff.

James M. Malloy, of Wilmington, Del., and R. Randolph Hicks, (of Satterlee & Canfield), of New York City, for defendants.

NIELDS, District Judge.

Three writs of scire facias against sureties on three separate bonds were tried together before the court without a jury.

May 1, 1929, a judgment for $80,500 was recovered in this court in the suit of Henry G. Montgomery against Realty Acceptance Corporation, being No. 25, March

term, 1927. The defendant in that judgment took an appeal and furnished a supersedeas bond in the sum of $90,000 with American Employers' Insurance Company as surety. The appeal proceeded in due course. Eventually this judgment was affirmed. Montgomery v. Realty Acceptance Corp., 3 Cir., 51 F.2d 642; Realty Acceptance Corp. v. Montgomery, 284 U.S. 547, 52 S.Ct. 215, 76 L.Ed. 476.

Thereupon, on March 5, 1932, Realty Acceptance Corporation, defendant in the judgment, filed a bill in equity in this court to restrain the plaintiff in the judgment from having execution for more than $14,918.13, and an order was entered for the issuance of a preliminary injunction. As a condition to the issuance of the injunction, the court, taking into consideration the original supersedeas bond of $90,000 that already stood as security for the judgment, required a bond in the sum of $10,000. American Employers' Insurance Company was again accepted as surety. May 10, 1934, this court dismissed the bill in equity and dissolved the preliminary injunction. Realty Acceptance Corp. v. Montgomery, D. C., 6 F.Supp. 593. On the same day Realty Acceptance Corporation moved for the restoration of the preliminary injunction pending appeal. Appeal was allowed, the court requiring an additional bond in the sum of $15,000 to cover any deficiency in the amounts that might be collected on the $90,000 and $10,000 bonds. The $15,000 bond was given with the United States Casualty Company as surety. The decree dismissing the bill of complaint was affirmed on appeal. Realty Acceptance Corp. v. Montgomery, 3 Cir., 77 F.2d 762.

Suit No. 1 was brought by scire facias on the $90,000 bond. Suits Nos. 2 and 3 were brought by scire facias on the two bonds of $10,000 and $15,000 each. Pleas in bar were filed in each suit.

In suit No. 1 the defendant filed three pleas in bar. The first plea recites an application to the Circuit Court of Appeals to remand the case to this court for the purpose of taking certain alleged newly discovered evidence bearing solely upon the amount of the judgment. The plea also recites subsequent proceedings in the Court of Appeals and in the Supreme Court of the United States holding the order remanding the case to be irregular, improper and invalid and as though it had never been made. The plea further alleges that by reason of these proceedings the appeal was prosecuted with

effect and that what transpired in the course of the proceedings were a bar to the suit on the bond against the surety.

The second plea in suit No. 1 alleges a variance between the language of the statute and the language of the bond. The statute provides that the court shall take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs. The word "plea" used in the statute has as its counterpart in the bond the word "appeal," the condition of the bond being that Realty Acceptance Corporation shall prosecute its appeal to effect and answer all damages and costs if it fail to make its "appeal" good. It is contended therefore that the use of the word "appeal" instead of the word "plea" vitiates the bond.

The third plea in suit No. 1 alleges that, while the injunction in the equity suit forbade alienating the judgment of $80,500, the plaintiff in the judgment assigned $1,000 of the judgment to Continental Purchasing Company; that this assignment placed plaintiff in contempt of this court and until he purges himself of the contempt plaintiff cannot avail himself of the processes of this court.

In suit No. 2 on the $10,000 bond the first plea alleges that the condition of the bond is not in accord with the statute requiring the giving of the bond and therefore the bond is a nullity. The statute, 28 U.S.C.A. § 382, provides: "Except as otherwise provided in section 26 of Title 15, no restraining order or interlocutory order of injunction shall issue, except upon the giving of security by the applicant in such sum as the court or judge may deem proper, conditioned upon the payment of such costs and damages as may be incurred or suffered by any party who may be found to have been wrongfully enjoined or restrained thereby." The theory of the plea is that the bond should have been given in the language of the statute.

The second and third pleas in suit No. 2 are substantially like the first plea. The fourth plea is like the third plea in suit No. 1 alleging the violation of the injunction by the assignment of $1,000 of the judgment while the injunction was in force.

The first plea in suit No. 3 on the $15,000 bond is the same as the first plea in suit No. 2 and alleges the bond was not in the language of the statute. The second plea in suit No. 3 is based on the alleged violation

of the injunction and is like the third plea in suit No. 1. The third plea in suit No. 3 alleges that the bond was executed under an order entered in the equity suit subsequent to the adjournment of the term at which the original judgment was entered. The fourth plea in suit No. 3 alleges that the bond was executed pursuant to an order in the equity suit and not pursuant to an order in the law case, and that the court was without authority to require that a supersedeas bond be executed in the law case. The fifth, sixth, and seventh pleas in suit No. 3 are like pleas in suit No. 2 to the effect that bonds should not be conditioned to meet the facts of the case but should be conditioned in the language of the statute providing for the giving of bonds in injunction cases.

To all the above pleas plaintiff joined issue.

In suit No. 1 on the $90,000 bond there are three defenses: (1) That the appeal from the judgment of $80,500 was prosecuted to effect and the bond discharged; (2) that the condition of the $90,000 bond did not comply with the statute providing for giving bonds on appeal; (3) that the plaintiff, Montgomery, was guilty of contempt of this court in the equity suit and therefore is not entitled to maintain this action.

In suit No. 2 on the $10,000 bond there are two defenses: (1) That the bond does not comply with the statute governing the taking of injunction bonds; (2) that the plaintiff, Montgomery, was guilty of contempt in the equity suit in having assigned $1,000 of the judgment.

In suit No. 3 on the $15,000 bond there are four defenses: (1) That the $15,000 bond failed to comply with the terms of U.S.R.S. § 1000, 28 U.S.C.A. § 869, regulating the taking of supersedeas bonds on writs of error and on appeal; (2) that plaintiff was guilty of contempt in the equity suit; (3) that the $15,000 bond was given pursuant to an order entered subsequent to the adjournment of the term at which the judgment was entered; (4) that in the equity suit the court was without jurisdiction to require a supersedeas bond in the common-law action.

### First Defense.

Defendant relies mainly upon one of the defenses in suit No. 1 on the $90,000 bond. This defense is that the appeal from the judgment of $80,500 was prosecuted to effect and therefore the bond as well as the surety were discharged. This defense will require a recital of part of the record.

May 11, 1929, judgment of $80,500 was recovered in the action of Henry G. Montgomery v. Realty Acceptance Corporation. Thereupon Realty Acceptance Corporation gave a supersedeas bond in the amount of $90,000 with American Employers' Insurance Company as surety to stay execution of the judgment.

The condition of the bond is: "Now, therefore, the condition of this obligation is such, that if the above named Realty Acceptance Corporation shall prosecute its appeal to effect and answer all damages and cost if it fail to make its appeal good, then this obligation shall be void, otherwise the same shall be and remain in full force and virtue."

The supersedeas bond was given pursuant to U.S.R.S. § 1000, 28 U.S.C.A. § 869: "*Bond in error and on appeal.* Every justice or judge signing a citation on any writ of error, shall, * * * take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid."

January 15, 1930, the Circuit Court of Appeals filed a per curiam opinion affirming the judgment below of $80,500, Realty Acceptance Corp. v. Montgomery, 3 Cir., 51 F.2d 636.

Thereafter, Realty Acceptance Corporation petitioned the Circuit Court of Appeals for leave to make a motion in the District Court asking the District Court to request the Circuit Court of Appeals to remand the case and the record therein to the District Court so that on motion of the defendant the judgment might be vacated and the case reopened for the purpose of considering newly discovered evidence. March 27, 1930, the Circuit Court of Appeals granted this petition. April 10, 1930, Realty Acceptance Corporation petitioned the District Court to request the Circuit Court of Appeals to remand the case to the District Court so that the judgment might be vacated and the newly discovered evidence considered. June 28, 1930, the District Court entered an order embodying such a request. June 28, 1930, the Circuit Court of Appeals in response to the request of the District Court entered the following order: "It is Ordered, Adjudged and Decreed that the

appeal in the above entitled cause be and the same is hereby dismissed, without prejudice, and that this cause and the record herein be and they are hereby remanded to the said District Court to the end that the said District Court may vacate the judgment entered herein and on application of defendant-appellant re-open the said cause for the purpose of taking and considering certain newly discovered evidence bearing solely on the quantum of the said judgment."

June 30, 1930, the District Court entered this order: "Ordered by the Court that the judgment entered herein be and hereby is vacated and set aside, and the said cause reopened for the purpose of taking and considering certain newly discovered evidence bearing solely on the quantum of the said judgment."

Defendant contends that upon the entry of this order of June 30, 1930, by the District Court the appeal of Realty Acceptance Corporation reached its successful conclusion and that the supersedeas bond of $90,000 was completely and finally discharged.

I will interrupt the recital of parts of the record long enough to say that the only way by which an appeal can be prosecuted to effect is to have the judgment or decree reversed by an appellate court of competent jurisdiction.

July 6, 1931, the Circuit Court of Appeals entered the following order: "It is hereby ordered that the order of this Court, entered on June 28, 1930, dismissing the appeal in the above-entitled cause and remanding the case to the District Court of the United States for the District of Delaware be, and the same is hereby vacated."

In an opinion on the same day the Circuit Court of Appeals said in part, 51 F.2d 642, 644: "The order of the District Court opening the judgment and awarding a new trial on a single issue after the term at which the judgment was entered is on this second appeal reversed. That, on the issuance of the mandate, restores the judgment as entered. The order of the Circuit Court of Appeals dismissing the first appeal is vacated."

The Supreme Court of the United States granted a writ of certiorari, 284 U.S. 547, 52 S.Ct. 215, 216, 76 L.Ed. 476. Thereafter it held:

"Upon the original appeal the Circuit Court of Appeals * * * affirmed the judgment. * * *

"This action was final, ended the case in that court. * * * The attempt by remanding the record with leave to the court below to take action which would otherwise have been beyond its powers, left the matter precisely as if no such order had been made.

"It follows that the Circuit Court correctly held that what was done subsequent to the affirmance of the judgment in the first appeal was improvident and unauthorized and should be rescinded."

The above is a full recital of the parts of the record upon which defendant relies to show that the appeal of Realty Acceptance Corporation was prosecuted to effect and the bond discharged. The outstanding fact is that the judgment of $80,500 was never reversed.

"Nothing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction, but the reversal of the judgment in some court having jurisdiction to correct the alleged error. * * *

"Judgment having been rendered against the principal in the bond in the District Court, and the condition of the bond being that he, the principal, shall prosecute his appeal to effect and answer all damages and costs if he fail to make his plea good, it is difficult to see how it can be held that the sureties are discharged when it is held both in the circuit court and the Supreme Court that the judgment of the district court is correct and that the judgment should be affirmed. Neither principle nor authority will support that theory, nor do they afford it any countenance whatever." Babbitt v. Finn, 101 U.S. 7, 13, 25 L.Ed. 820.

Realty Acceptance Corporation appealed to the Circuit Court of Appeals and the judgment of $80,500 was affirmed. This demonstrates that Realty Acceptance Corporation did not prosecute its appeal to effect. The affirmance of the judgment fixed the liability of the sureties.

Defendant cites Anderson v. Messenger, D.C., 208 F. 75, as supporting its position. In that case the first two judgments in favor of plaintiff were reversed by the Circuit Court of Appeals, Anderson v. Messinger. 6 Cir., 146 F. 929, 7 L.R.A.,N.S., 1094; Anderson v. Messenger, 6 Cir., 158 F. 250. Those appeals were prosecuted to effect and the bonds were discharged. On the third trial, Messinger v. Anderson, 6 Cir.,

171 F. 785, judgment for defendant was reversed by the Supreme Court, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152. Clearly that reversal did not reinstate the first two supersedeas bonds. In Seymour v. Gregory, 21 Fed.Cas. page 1115, No. 12,686, the judgment in substance was reversed, and therefore the appeal was prosecuted to effect.

The observation of Judge Woolley, 3 Cir., 51 F.2d 642, 643, in the case at bar should be constantly borne in mind: "It should be noted that this is not the ordinary case of a new trial awarded after a judgment has been reversed. Here the judgment had been affirmed and with the affirmance still in force a new trial was ordered."

The court finds that the judgment of $80,500 has not been reversed and that defendant has not prosecuted its plea to effect.

### Second Defense.

Under this defense it is contended that the bond of $90,000 was invalid because the word "appeal" was used in the condition of the bond rather than the word "plea." The statute provides for a bond "that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs." The condition of the bond was, "if the above named Realty Acceptance Corporation shall prosecute its appeal to effect and answer all damages and costs if it fail to make its appeal good. * * *" The contention is that the word "appeal" should have been "plea."

The statute does not prescribe the precise language of the bond. A substantial compliance with the statute is all that is required.

"We think the rule followed in some of the states is a sound one, that if the condition of an appeal bond, or bond in error, substantially conforms to the requisitions of the statute, it is sufficient to sustain it, though it contain variations of language; and that if further conditions be superadded, the bond is not, therefore, invalid, so far as it is supported by the statute, but only as to the superadded conditions." Kountze v. Omaha Hotel Co., 107 U.S. 378, 396, 2 S. Ct. 911, 926, 27 L.Ed. 609.

When the statute was enacted, writs of error were sued out in case of judgments at law and appeals were taken from decrees in equity. The party seeking review was designated as the plaintiff in error in the former class of cases and as appellant in the latter. The plaintiff in error prosecuted his "writ," and the appellant his "appeal." The statute provides "that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer." 28 U.S. C.A. § 869.

The word "plea" was used to include both writ of error and appeal. With the subsequent statute providing for review of suits both at law and in equity by appeal, it is manifest that the term "appeal" is properly used. Certainly appeal is within the meaning of the statute because it uses the word in that sense.

Moreover, the surety here should not be heard to assert the invalidity of the bond. By its authorized representative, it appeared in open court when the court made its order of April 7, 1932, for the issuance of the first injunction. This representative made a declaration with respect to the $90,000 bond, and as a result the court required an injunction bond merely in the sum of $10,000. The order of April 7, 1932, contains a recital respecting the appearance in open court of the surety's representative and refers to American Employers' Insurance Company as "surety upon the supersedeas bond in the sum of Ninety Thousand Dollars ($90,000), filed in the cause pending in this court in which Henry G. Montgomery is plaintiff and Realty Acceptance Corporation is defendant. * * *" This order is recited and incorporated by reference in the bond. The bond itself recites the fact that the judgment "is secured by the supersedeas bond given by the said Realty Acceptance Corporation" in the sum of $90,000. After these years the surety company is estopped from raising this question.

### Third Defense.

That plaintiff was guilty of contempt of this court in the equity suit is alleged in pleas in all three suits. The assignment was merely an agreement to assign $1,000 of the judgment of $80,500, if and when the injunction was dissolved. It involved an amount considerably less than the sum admitted to be due by Realty Acceptance Corporation. The rule denying privileges to one in contempt is limited to proceedings in which the contempt is committed. These suits are upon bonds signed by the defendants. The injunction suit brought by Realty Acceptance Corporation to which defendants are not parties is a separate proceeding. The final action of this court in dissolving the preliminary in-

junction and dismissing the injunction bill was in effect a holding that the preliminary injunction should not have issued.

### Fourth Defense.

■ This defense alleges that the two injunction bonds in suits Nos. 2 and 3 are invalid because they do not follow the exact language of the statute. 28 U.S.C.A. § 382. This defense challenges the right of a federal court sitting as a court of equity to mold its injunctive orders to fit the facts before it. The defense cannot apply to the $15,000 injunction bond as that bond is governed by Supreme Court Equity Rule 74, 28 U.S.C.A. following section 723. Both bonds are couched in the terms of the orders of this court. They enabled Realty Acceptance Corporation, the principal, to secure the benefit of the injunction issued by this court.

The judgment of $80,500 is a secured judgment. It is so recited in the injunction orders and bonds. The $10,000 injunction bond is conditioned for "the payment of any deficiency in the payment of the judgment which is secured by the supersedeas bond given by the said Realty Acceptance Corporation" in the sum of $90,000. The $15,000 injunction bond is conditioned "for the payment of any deficiency in the payment of the judgment in favor of the said Henry G. Montgomery which is now secured by the supersedeas bond given by the said Realty Acceptance Corporation" in the sum of $90,000 "and by the additional supersedeas bond given by the said Realty Acceptance Corporation" in the sum of $10,000.

The parties having elected to try each of the three suits before the court without a jury, the court makes the following findings of fact and conclusions of law.

That plaintiff, Henry G. Montgomery, is entitled to judgment against defendant American Employers' Insurance Company, in No. 1 June term, 1937, herein, on its supersedeas appeal bond in the principal amount of $90,000, for the sum of $101,640, being the total principal amount of said supersedeas bond of $90,000, with interest thereon from October 25, 1935, to December 21, 1937, at the rate of 6 per cent., amounting to $11,640, and also interest on said $90,000 principal amount of said bond from December 21, 1937, to date of the entry of judgment herein, at the rate of $15 per day.

That plaintiff, Henry G. Montgomery, is entitled to judgment against defendant American Employers' Insurance Company, in No. 2 June term, 1937, herein, on its injunction bond in the principal amount of said $10,000 injunction bond, with interest thereon from October 25, 1935, to December 21, 1937, at the rate of 6 per cent., amounting to $1,293.33, and also interest on said $10,000 principal amount of said bond, from December 21, 1937, to the date of the entry of judgment herein, at the rate of $1.666 per day.

That plaintiff, Henry G. Montgomery, is entitled to judgment against defendant, United States Casualty Company, in No. 3 June term, 1937, herein, on its injunction bond in the principal amount of $15,000, for the sum of $9,292.49, being the amount of the deficiency in the payment of the said judgment in plaintiff's favor against Realty Acceptance Corporation, as secured by the aforesaid bonds of American Employers' Insurance Company in the principal amounts of $90,000 and $10,000, respectively, on December 21, 1937, the date of the trial of these actions, together with interest on said $9,292.49 from December 21, 1937, to date of the entry of judgment, at the rate of 6 per cent., or $1.548 per day.

Exceptions, if any, may be filed within ten days.